Hayes et al. v. Cooper.

EDGAR W. HAYES ET AL.

v.

WILLIAM M. COOPER, use, etc.

1. SET-OFF—PRINCIPAL AND SURETIES.—While it is a general rule that demands can not be set off unless they are mutual and between the parties to the action, that is, that a joint debt can not be set off against a separate

debt nor a separate debt against a joint debt, yet an exception is made in an action against the principal and his sureties, when a claim of the principal debtor against the plaintiff may be set off.

2. ACTION AGAINST SURETIES AND PRINCIPAL ON APPEAL BOND—PLEA OF SET-OFF.—An action of debt brought by appellee for the use of Lynch, against appellants and Lewis on an appeal bond. Lewis being the principal and appellants the 'sureties. A plea of set-off was filed, alleging in substance that $90 was due on the bond; that plaintiff was indebted to defendant, Lewis, in the sum of $145.60 on a judgment recovered against him, which sum defendants offer to set off and allow against the sum due on the bond; that Lynch and appellee had notice of the claim at the time Lynch claimed to obtain an interest in said judgment. To this plea a general demurrer was filed. *Held*, that the court erred in sustaining such demurrer.

APPEAL from the Circuit Court of' Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 18, 1884.

Messrs. KROME & HADLEY, for appellants; that whatever would be matter of defense for the principal debtor were he sued alone, should be admitted as a defense in favor of the principal and surety when they are sued together, cited Himrod v. Baugh, 85 Ill. 435; Engs v. Matson, 11 Bradwell, 640.

A judgment is a chose in action and can only be assigned in equity, and is subject to the same defenses in the hands of the assignee as it would have been in the hands of the assignor at the time of the assignment: Olds v. Cummings 31 Ill. 190; Peck v. Bligh, 37 Ill. 317: Kleeman v. Frisbie, 63 Ill. 482.

Messrs. IRWIN & SPRINGER, for appellee.

CASEY, J. This was an action of debt, brought by appellee against appellants and one Denny Lewis, on an appeal bond, in the Circuit Court of Madison county. The amended declaration is as follows:

"Wm. M. Cooper, the plaintiff in this suit, who sues for the use of Clay H. Lynch, complains of Denny Lewis, E. W. Hayes and John C. Hayes, of a plea that they render unto the plaintiff, who sues for the use of Clay H. Lynch, the sum of

one hundred and eighty-three dollars, which they owe to and unjustly retain from him. For that, whereas, the said defendants, Denny Lewis, E. W. Hayes and John C. Hayes, on the 18th day of April, 1881, at the city of Butalto, county of Madison, and State of Illinois, made their certain writing obligatory, sealed with their seals, and here in court to be produced, and then and there delivered the same to said plaintiff, whereby the said Denny Lewis, as principal, and the said E. W. Hayes and Jno. C. Hayes, as security, acknowledge themselves to be held and firmly bound unto the plaintiff in the penal sum of one hundred and eighty-three dollars, lawful money of the United States, for the payment of which they bound themselves jointly, severally and firmly, to be paid to the said plaintiff; which writing obligatory was subject to a condition thereunder written, whereby it was provided that said plaintiff did on the second day of April, 1881, before C. H. Flick, a justice of the peace for the said county of Madison in the State of Illinois, recover a judgment against the above bounden, Denny Lewis, for the sum of eighty dollars and the costs of suit, from which said judgment the said Denny Lewis took an appeal to the Circuit Court of the county of Madison aforesaid; and, whereas, it was provided that if the said Denny Lewis should prosecute his appeal with effect, and should pay the said judgment, damages, interest and costs, in case the judgment should be affirmed, then the said writing obligatory was to be void, and the plaintiff avers that afterward, to wit, on the 26th day of October, 1881, the trial of said cause was had on said appeal in said circuit court, which resulted in a judgment in favor of the plaintiff and against the said Denny Lewis, for the sum of eighty dollars and costs, which said judgment remains in full force unreversed and unsatisfied, in whole or in part, as by the records of said circuit court will more fully appear. Yet the plaintiff in fact says that the said Denny Lewis hath not paid the amount of the judgment rendered against him by said circuit court on the trial of said appeal, nor the costs of said appeal, nor any part of said judgment or costs, according to the tenor and effect of the said writing obligatory, and

said judgment is still in full force and effect, in no wise satisfied, vacated or discharged, whereby, etc."

To the amended declaration, the defendants, Edgar W. Hayes and John C. Hayes, file three pleas: 1, *nil debit;* 2, *nul tiel record;* 3, set-off. A demurrer was sustained to each of these pleas, when all three of the defendants by leave of the court file the plea as *non est factum*, and an amended special plea of set-off. The plea of set-off is as follows:

And the said defendants, by their said attorneys, for a further plea in this behalf say, that the plaintiff ought not to have his aforesaid action against them, because they say that at the time of the commencement of this suit there was due from these defendants to the plaintiff, upon the said writing obligatory, by the said condition thereof, for the principal and interest in the said condition mentioned, the sum of ninety dollars.

And these defendants further say that the plaintiff was before and at the time of the commencement of this suit, and still is, indebted to this defendant, Denny Lewis, in a much larger sum of money than the said sum so due from the defendants upon the said writing obligatory, that is to say, in the sum of one hundred and forty-five dollars and sixty cents, upon a judgment recovered by the said Denny Lewis, in the name and by the style of Denny Lewis against the said plaintiff, by the name and style of William Cooper, for the said sum of one hundred and forty-five dollars and sixty cents, and costs of said suit, amounting to the sum of five dollars and thirty-five cents, which judgment was obtained before Edward Phillips, a justice of the peace in and for Madison county, Illinois, on the 19th day of November, 1881; and the defendants aver that said judgment remains in full force, has not been appealed from, nor has the same been paid in whole or in part; which said sum of money so due from the plaintiff to this defendant, Lewis, as aforesaid, or so much thereof as shall be necessary in this behalf, these defendants are ready and willing and offer to set off and allow against the said sum of money so remaining due, by the said condition of the said writing obligatory.

And these defendants further say that the said writing obligatory, in the said declaration mentioned, was signed by this defendant Lewis, as principal, and by the defendants Edgar W. Hayes and John C. Hayes, as sureties; which fact was known to the plaintiff and the said Clay H. Lynch at the time of the recovery of the judgment in the Madison county Circuit Court, in said declaration mentioned, and that neither of these defendants had any notice that the said Clay H. Lynch had or claimed any interest in the judgment mentioned in the writing obligatory, in the said declaration described, until the commencement of this suit. These defendants also aver that at the time the said Clay H. Lynch claims to have acquired an interest in the judgment in the said declaration mentioned, he and the plaintiff had notice of the claims of this defendant, Lewis, against the plaintiff; that the said Clay H. Lynch has no interest in said judgment, but that such alleged fact is claimed ·by said Lynch and the said plaintiff for the purpose of preventing these defendants from setting off the claim of defendant Lewis against the claim of the plaintiff under the condition of the said writing obligatory in the said declaration mentioned, and this the defendants are ready to verify, etc. Copy of judgment sought to be set-off.

A general demurrer was sustained to this plea and the defendants elected to stand by their pleas of set-off and *nul tiel record.* Upon the trial in the circuit court, judgment was rendered in favor of appellee, and E. W. and John C. Hayes bring the case to this court by appeal. The errors assigned are that the court erred in sustaining the demurrer to the pleas of set-off and *nul tiel record.*

It must be admitted, as a general rule, that demands can not be set off unless they are mutual and between the parties to the action; that is, that a joint debt can not be set off against a separate debt nor a separate debt against a joint debt. To this rule, however, there are exceptions in a number of the States, and notably so in this State. The case of Himrod et al. v. Baugh, for use, etc., 85 Ill. 435, is very like the case now before us.

In that case the suit was on an appeal bond executed by

George Himrod, John B. Lovingston and Mortimer Millard to Thos. Baugh, on the 31st day of October, 1872, upon an appeal to the Circuit Court of St. Clair county from a judgment recovered by said Baugh against Himrod and A. E. Ellithorpe, on the 30th day of October, 1872, in the City Court of East St. Louis, for the sum of $338.95 and costs of suit.

The declaration avers that the judgment was affirmed and the appeal dismissed for want of prosecution on the 20th of April, 1874. The suit was brought on the appeal bond in the name of Thomas Baugh for the use of Levi Baugh, to whom it was alleged the judgment had been assigned. The defendants filed a plea of set-off, which was in substance, that one Neidenfeld obtained two judgments against the said Thomas Baugh on the 4th of March, 1874, one for $181.32 and the other for $76.25; that there was a garnishee proceeding instituted upon the judgments against the said Himrod and Ellithorpe, as garnishees of Thomas Baugh and that on the 11th of June, 1874, judgment was rendered against them as such garnishees for the sum of $189.67 and $3.60 costs of suit, and that afterward on the 5th of September, 1874, upon another like garnishee proceeding, judgment was entered against them as the garnishees of the said Thomas Baugh and in favor of Neidenfeld for the sum of $86.90 and $3.60 costs; that Himrod and Ellithorpe have paid the same judgments to Neidenfeld; and further that at the April term, 1874, of the circuit court, Himrod and Ellithorpe recovered a judgment against the said Thomas Baugh for the sum of $52 and costs, which is still unpaid and unsatisfied.

That the amount paid on the garnishee judgment and the judgment obtained against Thomas Baugh they propose to set off against the amount claimed in the suit on the appeal bond. The plea further shows that Millard and Lovingston were mere sureties for Himrod and Ellithorpe on the appeal bond. To this plea in the circuit court a demurrer was interposed by the plaintiff which was sustained by the court. The error assigned is in sustaining a demurrer to the special plea of set-off.

We have given this full statement of the case because of its

striking similarity to the one now before us for consideration. The Supreme Court, in discussing the plea of set-off in the Himrod case, say: "Himrod and Ellithorpe are here the principal debtors, and Millard and Lovingston are only their sureties, and such a circumstance has been admitted by some courts of respectable authority as creating an exception to the general rule, they holding that a claim of the principal debtor against the plaintiff may be set off in an action against the principal and his sureties. Mahevrin v. Pearson, 8 N. H. 539; Concord v. Pillsbury, 33 Id. 310; Brundridge v. Whitcomb, 1 Chipman, 180. We are inclined to accept the rule of these authorities. It seems to be in consonance with the equitable principles which so largely govern the relation of principal and surety, and we are struck with the fitness of allowing whatever, not merely personal, would be matter of defense for the principal debtor were he sued alone, to be admitted as a defense in favor of the principal and surety when they are sued together. The principal debtor is the real debtor, and the surety but the security for the payment of the principal's separate debts; and off-setting a demand in favor of the principal debtor alone, when sued with his surety, is setting off against each other what may be regarded as essentially mutual debts. See 2 Waterman on Set-offs, 239; Brunn v. Beingett et al., 4 Bing. 423. In ex parte Hansen, 18 Vesey, 232, it was observed by Lord Elden, in reference to the indebtedness of principal and surety on a joint bond, that the joint debt was nothing more than a security for a separate debt. The judgment of the circuit court in sustaining the demurrer to the plea was reversed and the cause remanded. In the case of Mahevrin v. Pearson, *supra*, the suit was on a promissory note, and in that case the Supreme Court of New Hampshire held that in an action on a promissory note against the principal and surety, a demand due from the plaintiff to the principal may be set off.

In the case of the City of Concord v. Pillsbury, *supra*, the suit was on a bond given by Pillsbury for the faithful performance of the duties of the office of city marshal of the city of Concord to which office he had been appointed by the

Hayes et al. v. Cooper.

authorities of the said city. In that case it was held that in debt against principal and sureties a debt due from the plaintiff may be set off.

In the case of Brundridge v. Whitcomb et al., *supra*, the Supreme Court of Vermont say: "In an action by the assignee of a gaol bond against A as principal and B as surety the defendants may plead a separate demand of A, the principal, in off-set to the plaintiff's demand. In the case of Engs et al. v. Matson, 11 Bradwell, 639, it is, we think, properly said that the doctrine may be considered as settled in this State that the right of set-off is not limited to cases of demands between all the parties to the suit, but it exists in cases of debt or demands between the real parties in interest, and by statute, demands upon simple contracts may be set off against demands upon sealed instruments.

This was a suit upon a replevin bond, and the court in that case further says: "The principal obligor on the bond is the real debtor, and the surety only security, as whatever would discharge the principal would also discharge the surety. We can see no good reason why, when sued with his surety, the principal ought not to be admitted to the same defense as he would be if sued alone. Setting off a demand against the principal debtor is what may be regarded as a mutual debt." Coules v. Coules, 9 How. Pr. R. 361. The plea in the case before us shows that Lynch, at the time he claims to have acquired an interest in the judgment, had notice of the claims of the defendant, Lewis, against the plaintiff, Cooper. In view of these authorities we think that the court erred in sustaining the demurrer to the plea of set-off. The declaration contains an averment to this effect that there was a trial of the cause on the appeal to the circuit court, which resulted in a judgment in favor of the plaintiff and against the said Denny Lewis, for the sum of eighty dollars and costs, which said judgment remains in full force unreversed and unsatisfied as by the record of said circuit court will more fully appear. This was a necessary and material averment in the declaration.

The plea of *nul tiel record* put that averment in issue, and we think that the demurrer was improperly sustained to the plea.

For these reasons the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.