Charles H. Marcy v. Hal Whallon, Administrator, etc.

Gen. No. 4,308.

1. SET-OFF—*right of surety to plead.* A surety may interpose by way of defense to an action against him a demand due from the plaintiff to the principal defendant in the action.

2. ABATEMENT—*when, follows death of defendant.* Where one of several defendants to an action at law dies, his death works a severance of the parties defendant and (unless the plaintiff dismisses as to all but the administrator) the action should thereafter proceed against the living defendants only.

3. COMMISSION—*when real estate dealer not entitled to.* Before a real estate broker is entitled to his commission he must produce a buyer who shall be ready, willing and financially able to make the purchase absolutely on the terms fixed by his principal.

Judgment entered by confession. Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

WILLIAM H. ALLEN and L. T. STOCKING, for appellant.

C. C. JOHNSON and C. L. SHELDON, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On October 26, 1901, Charles H. Marcy recovered a judgment by confession in the court below against John

Whallon, Martha A. Whallon, Fred W. Millikan and Sarah L. Millikan, for $222 and costs. The judgment was based upon a promissory note and power of attorney executed by said defendants. On October 31, 1901, the defendants entered their motion to set aside the judgment and for leave to plead. On January 31, 1902, leave was given to plead to the merits and the judgment was ordered to stand as security. Defendants thereupon filed pleas of non-assumpsit and set-off, the latter alleging an indebtedness from plaintiff to defendant, John Whallon, who was averred to be the principal and the other defendants the security upon the note in suit. Appellee in his brief says these pleas were by John Whallon. In fact, although the word "defendant" is used therein at least once, yet in other places the plural is used, and the plural pronoun "they" is used for the defendants, and it seems clear the pleas are by all the defendants. Thereafter John Whallon died and his administrator, Hal Whallon, was made defendant in his place. The cause was tried and a judgment was rendered in favor of the defendant, Hal Whallon, administrator, against plaintiff for $89.16 and costs. This is an appeal by plaintiff from said judgment.

While it is a general rule that in order that a set-off may be applied there must be mutual and connected demands between the same parties and in the same right, yet suits against principal and surety furnish an exception to the rule. It was held in Himrod v. Baugh, 85 Ill. 435, that in a suit against a principal and his sureties, the defendants may plead as a set-off a demand due from the plaintiff to the principal defendant. Engs v. Matson, 11 Ill. App. 639; Hayes v. Cooper, 14 Ill. App. 490; Graff v. Kahn, 18 Ill. App. 485; 12 Am. Dec. 155, note. But it is a general rule of law that if one of several joint defendants in an action at law dies, his death works a severance of parties defendant, and an abatement of the cause as to the deceased defendant, and that (unless, indeed, the plaintiff should dismiss as to all but the administrator) the suit should thereafter proceed against the living defendants

only, and that the administrator of the deceased defendant cannot be brought in and joined with the other defendants, for the reason that, if plaintiff recovers, the judgment against the administrator would only be for payment in due course of administration, a judgment different from that to which a successful plaintiff would be entitled against the living defendants. Eggleston v. Buck, 31 Ill. 254; Stevens v. Catlin, 152 Ill. 56. This cause seems to have proceeded in disregard of this rule, and counsel have not explained how they support the course pursued.

The administrator recovered upon a set-off claimed under the following circumstances: On November 20, 1900, plaintiff by letter authorized John Whallon, a real estate agent, to sell his farm at a certain price. On August 22, 1901, the agent accepted an offer for said farm from Walter Hayen at that price, which offer plaintiff rejected. The set-off claimed and recovered was for John Whallon's compensation for making that sale. Passing by the questions whether said agency had expired by lapse of time, or by change in the value of the farm caused by improvements placed thereon by plaintiff, and whether the agency had been expressly revoked by plaintiff before John Whallon made the sale, we are of opinion that under the proof there are two other reasons why John Whallon was not entitled to the compensation which has been awarded his administrator. *First.* John Whallon took from the purchaser a note for $200, the date of maturity of which is not stated. The written offer by the purchaser said, possession was to be given him on March 1, 1902. It was silent as to when he was to pay the rest of the purchase money, but the oral proof was it was to be paid on March 1, 1902. John Whallon had no authority to sell except for cash. He was not authorized to sell on August 22, 1901, for a consideration to be paid more than six months later. *Second.* The farm contained 120 acres and the price at which the agent made the alleged sale was $65 per acre or $7,800. Hayen owned no real estate. He owned fifty head of cattle worth on the average $20 apiece, or $1,000, and eight or ten

o

horses worth on the average $50 apiece, or $400 to $500. He had crops on a farm rented by him, but there was a landlord's lien thereon for $600 of unpaid rent. He had not sold these cattle, but no doubt expected to do so by or before March following. He testified for the administrator that he had some money, but did not state the amount, and it is obvious it was not any considerable sum or the administrator would have proved the amount. He believed he could borrow the money somewhere the following spring, but he had made no such arrangements. He had a brother-in-law worth $15,000 with a mortgage on his farm, who testified he was willing to assist Hayen in making this purchase. But Hayen had made no arrangements with his brother-in-law for assistance, and it cannot be known whether they would have agreed on amounts and terms. We regard it as entirely clear that according to the proof Hayen was not able to pay $7,800 for this farm. He did not claim he could have paid any substantial sum when he made the offer in August, 1901, but only that he hoped and believed that by March 1, 1902, he could borrow the money from some source not yet ascertained. Before a real estate agent is entitled to compensation he must produce "a buyer who shall be ready, willing and financially able to make the purchase absolutely on the terms fixed by his principal," as said in a case quoted with approval in Lawrence v. Rhodes, 188 Ill. 96. If the owner rejects the proposed purchaser, and the agent sues for his commissions or compensation, he is bound to show that the purchaser he produced was willing, ready and able to perform the contract according to the terms upon which his principal authorized him to sell. Wilson v. Mason, 158 Ill. 304. The administrator did not prove such a case. For these reasons the judgment is reversed and the cause remanded.

*Reversed and remanded.*