## Thomas Nolan v. A. H. East et al.

### Gen. No. 4,780.

1. REAL ESTATE COMMISSIONS—*when broker entitled to recover.* Before a real estate agent is entitled to compensation he must produce a buyer ready, willing and financially able to make the purchase absolutely on the terms fixed by his principal.

2. JURY—*power of court to reconvene.* The court has power to reconvene a jury after they have returned their verdict, to correct an obvious error therein which the foreman called to the attention of the court immediately after they had taken their seats in the court room, although the verdict had been sealed and although the jury since signing the same had separated for the night.

Action commenced before justice of the peace. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907. Rehearing denied April 18, 1907.

Nolan v. East.

E. A. SIMMONS, for appellant.

WHITE & TUESBURG, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was a suit brought by A. H. East and David Capes, appellees, before a justice of the peace of Livingston county, against appellant, Thomas Nolan, and taken on appeal to the Circuit Court of said county, where a trial was had before a jury, resulting in a verdict in favor of appellees for $160. A motion for a new trial was denied, judgment entered against appellant for the amount of the verdict and costs, and this appeal.

The record shows the following stipulation: "It is hereby stipulated that the plaintiff is suing to recover commissions on the sale of 160 acres of land which Mr. Nolan listed with the Pontiac Realty Company the early part of August, 1904, which said land was sold by C. K. Brittingham to one Massion." It was further stipulated that the farm in question was sold by C. K. Brittingham the last week in August, 1904. From the oral evidence it appears that appellees were real estate agents operating as a firm under the name of the Pontiac Realty Company, and that the usual commissions for the sale of the farm lands was $1 per acre; and that appellees spent some time and incurred some expense in their efforts to find a purchaser. The only contested question of fact appearing in the record was as to the terms of the listing of the farm or appellees' agency for its sale. On the trial appellees urged that the evidence showed that their agency for the sale of the land was exclusive for the month of August; and that they were entitled to recover commissions because of the sale made in that month by Brittingham. Appellant contended that he had not given appellees exclusive authority to sell. The trial court adopted appellees' theory of the law, and on

their motion gave the jury the following instruction,
among others of like character, on the measure of
damages or basis of appellees' right of recovery.
"The court instructs the jury that if you believe from
a preponderance of the evidence that the defendant,
Thomas Nolan, by contract with them, gave the plaint-
iffs an exclusive agency for the sale of the land in
question for the month of August, 1904, and that, dur-
ing that month, said Nolan sold the same through the
efforts of another agent, and that plaintiffs exercised
reasonable diligence to make a sale under such ex-
clusive contract, then the plaintiffs are entitled to re-
cover a commission, and you should find the issues
for them." This, we think, is not the law. Before a
real estate agent is entitled to compensation or com-
missions, he must produce a buyer, ready, willing and
financially able to make the purchase, absolutely on
the terms fixed by his principal, as said in a case
quoted with approval in Lawrence v. Rhodes, 188 Ill.
96, and again approved in Marcy v. Whallon, 115 Ill.
App. 435. The evidence in this record does not show
that appellees had procured a buyer, ready, willing and
financially able to purchase the land listed with them
by appellants in the month of August, 1904, on his
terms; consequently they are not entitled to recover
commissions. But the evidence does show that ap-
pellees had spent some time and incurred some ex-
pense in their efforts to find a purchaser. If, then,
they had a right of recovery, which we do not now
pass upon, it was not for commissions earned by Brit-
tingham in the performance of his contract, but for
damages for a breach of contract, or upon a *quantum
meruit* for time spent, labor done and performed and
money paid out; but this is not a question for our de-
termination here.

The court did not err in reconvening the jury, after
they had returned their verdict, to correct an obvious
error therein which the foreman called to the atten-
tion of the court immediately after they had taken

their seats in the court room, although it was a sealed verdict, since signing which the jury had separated for the night. Rigg v. Cook, 4 Gilm. 352; Martin v. Morelock, 32 Ill. 485.

But for the error above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*