## Peter Dahlgren, Appellee, v. Louis Israel and Isaac Israel, Appellants.

### Gen. No. 22,696.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 12, 1917.

### Statement of the Case.

Action of the fourth class under the Municipal Court Act, in tort, by Peter Dahlgren, plaintiff, against Louis Israel and Isaac Israel, defendants. From a judgment for plaintiff for $1,000, defendants appeal. The statement of claim set forth that certain goods of the value of $1,485.66 were stolen, and plaintiff waived the excess over $1,000 so as to bring the action within the fourth class.

JOHN M. GRIMES, for appellants.

WALTER J. MILLER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Dahlgren v. Israel et al., 204 Ill. App. 340.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1252*—*when defendants cannot complain of action of plaintiff in minimizing amount of claim.* A plaintiff has the right to choose his forum and to minimize for jurisdictional purposes the amount of his claim, and the ·defendants cannot be heard to complain on that ground.

2. APPEAL AND ERROR, § 1420*—*when error is not reversible.* An error, to be reversible, must be injurious in some way to the interest of the party assigning same, and if no harm has resulted therefrom a court of review will not reverse for mere matters of form which lack substance affecting substantial rights.

3. MUNICIPAL COURT OF CHICAGO, § 28*—*when objection to jurisdiction may not be raised.* An objection that the court had no jurisdiction of a fourth-class case under the Municipal Court Act because the actual value of the goods involved in the case exceeded the jurisdictional amount of $1,000, where the plaintiff, however, had limited his right of recovery to that amount and had waived the balance, cannot be raised for the first time on review.

4. TRIAL, § 45*—*when remarks of court are not erroneous.* In a tort action to recover the value of stolen goods, where the court stated: "The Criminal court is still located over on the North side, and if I detect any perjury in the case the person who testifies falsely is going over to the North side to answer for it," *held* that such language could not be construed as injurious to the defense or as having influenced the verdict contrary to the merits of the case, as the remarks were entirely impersonal, of a general character, and without reference to any particular witness, and were justified as a precautionary measure from the character of some of the witnesses as disclosed by the evidence.

5. CARRIERS—*when evidence is sufficient to sustain findings in action to recover value of stolen goods.* The evidence *held* sufficient to establish that the plaintiff was a common carrier and that the goods in question were sufficiently identified and to show their value in an action in tort to recover the value of stolen goods.

6. TRIAL, § 261*—*when correction of sealed verdict after disbandment of jury is not error.* Where the jury in a sealed verdict in an action in tort against two defendants assessed the damages at a certain sum and was complete and in due·form up to and including such assessment, and then followed same by undertaking to apportion the amount each defendant should contribute towards the payment of such sum, *held* that the court might properly have stricken out such apportionment clause of the verdict as surplus-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

age. and no error was committed in the court having the jury reform the verdict, upon their reassembling after disbandment, by eliminating that clause from the verdict before it was recorded.

7. Trial, § 267*—*controlling effect of recorded verdict.* It is the recorded verdict which controls.