# CASES

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1922.

---

### Joseph Lenartz, Appellee, v. F. G. Funk, trading as Kenwood Cleaning Works, Appellant.

#### Gen. No. 26,929.

1. AUTOMOBILES AND GARAGES—*Chicago speed ordinance as not applicable to private passenger automobile.* Section 1963, ch. 57, of the ordinances of the City of Chicago prohibiting the driving of certain motor vehicles in excess of 5 miles per hour between the hours of 8 a. m. and 5 p. m. within 400 feet of a schoolhouse, while applying to motor trucks, commercial motor vehicles, and motor vehicles used within the city for public hire, seemingly has no application to a private passenger automobile.

2. AUTOMOBILES AND GARAGES—*what proximate cause of collision between motor vehicles.* Where the driver of defendant's motor truck, upon approaching a street intersection from the west, saw plaintiff's touring car approaching from the south, it was his duty, under section 33 of the Motor Vehicle Act (Cahill's Ill. St. ch. 95a, ¶ 34), providing that all vehicles traveling upon public highways shall give the right of way to other vehicles approaching along intersecting highways from the right, to so check his truck or stop it as to allow plaintiff's car to pass in front of it, and his failure to do so was the proximate cause of a collision between the two vehicles.

3. APPEAL AND ERROR—*harmless error in admission of evidence.*

(180)

Lenartz v. Funk, 224 Ill. App. 180.

Assuming that plaintiff's wife was incompetent to testify to certain happenings before and after a collision between her husband's touring car and defendant's truck, in an action by plaintiff for damages to the touring car, defendant was not so prejudiced by her testimony as to warrant reversal where the facts testified to by her were fully shown by the testimony of other witnesses.

4. APPEAL AND ERROR—*harmless error in instructing jury, on first presentation of verdict, in absence of counsel.* Where, upon the first presentation of the jury's verdict to the trial judge, he refused to receive it and, in the absence of counsel, instructed the jury to return and further deliberate on the question of damages and, while they were so deliberating, the attorneys for both parties returned and were informed of what had occurred whereupon defendant's attorney said that there was no dispute on the question of damages and that the verdict should be either $200 or nothing and that the action of the court met with his approval, and the jury continued their deliberations without objection and returned a verdict for plaintiff for $200, there was no ground for reversal because of the court's action in instructing the jury in the absence of counsel.

5. TRIAL—*rights of jury to revise verdict.* A jury may revise its verdict before its acceptance by the court and before it has been recorded, and the fact that the verdict was sealed and the jury had temporarily separated does not change the rule.

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed January 17, 1922.

BURT A. CROWE, for appellant.

HARRY W. STANDIDGE, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

By this appeal the defendant, Funk, seeks to reverse a judgment against him for $200, in an action tried before a jury for damage to plaintiff's touring automobile, occasioned by a collision between it and a motor truck of defendant, at the intersection of Lincoln and West 57th streets in the City of Chicago, about 10:30 o'clock on the morning of October 11, 1920. It appears from the undisputed evidence that the damage to plaintiff's automobile amounted to

$234.95. In plaintiff's amended statement of claim, however, he only sought to recover the sum of $200, and the *ad damnum* was not increased by amendment. By the verdict of the jury the defendant was found guilty and plaintiff's damages assessed at said sum of $200.

In plaintiff's amended statement of claim it is alleged, in substance, that, without fault on plaintiff's part, the collision occurred on the day mentioned and at or near the northeast corner of the intersection of said streets, and plaintiff's automobile was tipped over and damaged, by reason of the negligence of defendant (1) in negligently running his automobile truck in excess of 5 miles per hour between the hours of 8 a. m. and 5 p. m. on the surface of a public street and within 400 feet of a schoolhouse in Chicago on a day in which school was in session in said schoolhouse, in violation of section 1963, ch. 57, of the ordinances of the City of Chicago, Chicago Code of 1911, as amended July 15, 1915; (2) in negligently running his said truck in excess of 15 miles per hour through a residence portion of said city, in violation of the statutes of the State of Illinois; and (3) in otherwise negligently operating his said truck.

It appears that immediately prior to the collision plaintiff's touring car was moving north on the east side of Lincoln street, and crossing West 57th street; that plaintiff's son, Adolph Lenartz, aged 21 years, was driving the car; that Frank Schwartz was seated beside him on the front seat; that plaintiff's wife, Annie Lenartz, and Mrs. Annie Margol were seated on the back seat, and with them were four small children; that plaintiff was not a passenger in the car; that defendant's automobile truck was moving east on West 57th street and about to cross Lincoln street; that William Gross, defendant's chauffeur, was driving the truck; that at the northwest corner of the intersection there was a portable schoolhouse and the

school was then in session; and that on the southwest corner there was a building occupied as a bakery.

On the trial Frank Schwartz, Annie Margol and plaintiff's wife were called as witnesses on plaintiff's behalf. Plaintiff's son, Adolph Lenartz, being in the United States Navy at the time of the trial, did not testify. Frank Schwartz testified, in substance, that plaintiff's touring car, as it approached West 57th street, was going from 10 to 12 miles per hour; that he saw defendant's truck approaching at right angles from the west, going about 30 miles an hour; that the touring car reached the intersection of the two streets before the truck did; that Adolph Lenartz turned the touring car towards the east and the truck was turned towards the north, and a front part of the truck struck a back part of the touring car, causing it to tip over near the northeast corner of the intersection; that it was a clear day, the sun shining, and there were no curtains on the touring car, and no other vehicles in the immediate vicinity at the time; and that the district where the streets intersected was a residential portion of the city. Annie Margol testified, in substance, that she was sitting on the left side of the rear seat of the touring car; that it reached the intersection first; that she first saw the truck 50 feet away, approaching from the west and coming "pretty fast"; and that, after the touring car was turned towards the east, the truck struck a back part of it and tipped it over. When Annie Lenartz took the stand defendant's attorney made the objection that she, being plaintiff's wife, was an incompetent witness under section 5 of the Statute on Evidence and Depositions [Cahill's Ill. St. ch. 51, ¶ 5]. The objection was overruled and she testified as to certain details of the accident.

On behalf of the defendant, William Gross, driver of the truck, testified, in substance, that as he approached the intersection he was traveling east on the

south side of West 57th street about 4 feet from the curb and moving at "about 4 or 5 miles an hour"; that as he reached the front end of the bakery building, which stood back from the west sidewalk of Lincoln street, and before he had reached Lincoln street, he saw the touring car approaching from the south at a rapid rate; that he could have stopped his truck "in about 3 feet," but did not do so; that he next saw the touring car when it was about 25 feet away from him; that to avoid a collision he turned his truck to the north but the touring car ran into the truck, hit it about in the center, "glanced off" and then hit the curb at the northeast corner of the intersection and tipped over.

Plaintiff's attorney introduced in evidence the city ordinance, mentioned in the amended statement of claim, wherein it is provided that it shall be unlawful for any person to operate or run any "motor truck, motor-driven commercial vehicle or motor vehicle used within the city limits for public hire," on the surface of the street within 400 feet of any schoolhouse in the city, at a greater speed than 5 miles per hour, between the hours of 8 o'clock a. m. and 5 o'clock p. m. on any day during which school is in session in such schoolhouse. There was also read to the jury portions of the State Act in relation to motor vehicles, approved June 30, 1919 and in force January 1, 1920 (Hurd's Rev. St. 1919, ch. 121, p. 2620 [Cahill's Ill. St. ch. 95a, ¶ 1 et seq.]). In section 33 of said Act (section 269zg, Hurd's Rev. St. [Cahill's Ill. St. ch. 95a, ¶ 34]) it is provided that:

"All vehicles traveling upon public highways shall give the right of way to other vehicles approaching along intersecting highways from the right, and shall have the right of way over those approaching from the left; * * *."

It is first contended by counsel for defendant that plaintiff's son was guilty of contributory negligence

in driving the touring car. The argument is, as we understand it, that, even assuming that appellant's truck was moving at a speed greater than 5 miles per hour within 400 feet of the schoolhouse, in violation of the city ordinance, plaintiff's son attempted to cross the intersection at a speed of at least 10 miles per hour and was himself guilty of a violation of the ordinance, which violation directly contributed to the collision. The argument is unsound, we think, because a careful reading of the ordinance discloses that, while it applies to motor trucks, commercial motor vehicles, and motor vehicles used within the city for public hire, it seemingly has no application to a touring car, such as plaintiff's. Furthermore, we think that the evidence fully warranted the jury in finding that the rate of speed at which plaintiff's car was traveling at the time was not excessive and was not the proximate cause of the collision. The driver of the truck admits that just before the time he entered the intersection he saw plaintiff's car approaching and that he could have stopped his truck ''in about 3 feet.'' To such driver, plaintiff's car was approaching from the right and, under the statute above quoted, had the right of way, and it was the duty of the driver of the truck to then stop it, or sufficiently check its speed, so as to allow plaintiff's car to pass in front of it. This, the driver of the truck negligently failed to do and such failure was, we think, the proximate cause of the collision.

It is next contended by counsel that the trial court committed error, prejudicial to defendant, in allowing plaintiff's wife, who was a passenger in the touring car, to testify, over objection, to certain happenings immediately before and at the time of the collision. Her testimony was merely cumulative. The facts testified to by her were fully shown by the testimony of other witnesses. Assuming, though not deciding, that the court erred in admitting her testimony,

we do not think that the defendant was so prejudiced thereby as to warrant a reversal of the judgment. (*Neice v. Chicago & A. R. Co.*, 254 Ill. 595, 605.)

It is finally contended that the judgment should be reversed because the court gave certain instructions to the jury in the absence of counsel. It appears that when the jury's verdict was first presented to the trial judge he refused to receive it, and, in the absence of counsel, instructed the jury to return to the jury room and further deliberate on the question of the amount of damages to be assessed against the defendant. The transcript of the record discloses that, while the jury were so deliberating, the attorneys for both parties appeared in open court and were informed of what had occurred in their absence; that defendant's attorney then said that there was no dispute on the question of damages, that the jury's verdict should be either $200 or nothing, and that the action taken by the trial court met with his approval; and that thereafter the jury continued in its deliberations in the jury room without objection by either attorney, and finally returned the verdict upon which the judgment appealed from was entered. Under the circumstances we do not think there is any merit in the contention of counsel for defendant. A verdict may be revised by the jury before its acceptance by the court and before it has been recorded, and the fact that such verdict was sealed and the jury had temporarily separated does not change the rule. (*Martin v. Morelock*, 32 Ill. 485; *Nolan v. East*, 132 Ill. App. 634, 636; *Dahlgren v. Israel*, 204 Ill. App. 340.)

For the reasons indicated, the judgment of the municipal court is affirmed.

*Affirmed.*

BARNES and MORRILL, JJ., concur.