PETER WIELAND ET. AL.

v.

GEORGE OBERNE.

</div>

1. ATTACHMENT—DAMAGES, IN SUIT ON BOND.—In an action upon an attachment bond, if a portion of the property attached was owned by other parties and was taken by the owners from the attaching creditors, and the residue was subject to the lien of a valid chattel mortgage, and was taken from the attaching creditors by the holder of the mortgage and sold to satisfy said mortgage, the plaintiff can not recover damages for the value of the property.

2. PRACTICE—CORRECTNESS OF VERDICT PRESUMED.—The bill of exceptions failing to show that all the evidence at the trial, or even all the evidence heard upon the question of damages, is preserved, the correctness of the verdict as to the damages can not be questioned in this court.

3. SURETY—MAY PLEAD AS SET-OFF A DEMAND DUE TO HIS PRINCIPAL.—A surety on a bond when sued alone can plead as a set-off a demand due to his principal where he shows that the demand has been assigned to him, or where he makes the set-off with the concurrence and consent of his principal.

ERROR to the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding. Opinion filed July 21, 1886.

Messrs. MOSES, NEWMAN & REED, for plaintiffs in error; cited Churchill v. Abraham, 22 Ill. 461; King v. Bucks, 11 Ala. 217; Sims v. Jacobson, 51 Ala. 188; Drake on Attachment, 196 (6th Ed.).

An attachment can not be defeated by the sheriff allowing the property to be improperly replevied: Kirksey v. Bates, 1 Ala. 303; Wannamaker v. Bowers, 36 Md. 58.

Mr. HENRY V. FREEMAN, for defendant in error; that the plaintiffs can not recover in this action as damages the value of this property, cited Kaley v. Shed, 10 Metcalf, 317; Lowell v. Parker, 10 Metcalf, 309; Squire v. Hollenbeck, 9 Pickering, 552; Pierce v. Benjamin, 14 Pickering, 361; Wehle v. Spellman, 25 Hun, 100; Ball v. Liney, 48 N. Y. 14; Hayman v. Hallam, 79 Kentucky, 391; Curtis v. Ward, 20 Conn. 206; Davenport v. Ledger, 80 Ill. 578; Dehler v. Held, 50 Ill. 491.

BAILEY, P. J.    This was debt upon an attachment bond, executed to the plaintiffs by Bock and Muellner as principals, and by Oberne as their surety. The declaration was against all the obligors, but Oberne only was served with process or appeared, and the suit was prosecuted against him alone. A judgment against Oberne for the plaintiffs' debt and $950 damages, was brought to this court by appeal and reversed for the reason stated in the opinion then filed. Oberne v. Gaylord, 13 Bradwell, 30. After the cause was re-instated in the court below, the defendant, by leave of the court, filed an additional plea traversing the breaches of the bond alleged in the declaration, upon which plea issue was taken by the plaintiffs. A trial was thereupon had resulting in a verdict finding the issues for the plaintiffs and assessing their damages at $76.06, and the court, after denying a motion by the plaintiffs for a new trial, rendered judgment upon the verdict, and the plaintiffs now bring the record to this court by writ of error.

The evidence shows the issuing of a writ of attachment against the plaintiffs at the suit of Bock and Muellner, on which certain goods and chattels were attached by the sheriff, consisting of a stock of merchandise, certain fixtures and a few sewing machines. The evidence of the value of said goods and chattels is not preserved in the record, except by a recital in the bill of exceptions that the evidence for the plaintiffs tended to show that their value was from $450 to $2,200, and that the evidence for the defendant tended to show that their

value was from $350 to $500. Afterward a trial was had upon issues formed upon the attachment affidavit, which resulted in a verdict for the attachment defendants and a judgment quashing the attachment.

The evidence shows, however, that while the property was in the hands of the sheriff under said writ, two of said sewing machines and certain sewing machine fixtures were taken from his possession by virtue of a replevin writ sued out by Wheeler & Wilson; and also that the residue of said goods and chattels were taken from his possession, under a certain other replevin writ sued out by one Marshall. In the first of these replevin suits a trial was had resulting in a judgment in favor of the plaintiffs therein for the possession of the property replevied. In the other replevin suit, judgment in favor of the plaintiff therein for the possession of the property replevied was rendered by default.

The title of Wheeler & Wilson to the sewing machines and fixtures replevied by them, is evidenced by a contract between them and Gaylord, one of the plaintiffs in this suit, by which Gaylord acknowledged the receipt of said machines and fixtures, and agreed to return the same to Wheeler & Wilson on demand, and agreeing, until such demand, to make said Wheeler & Wilson certain monthly payments.

The evidence also shows that said Gaylord, a few days before the formation of his copartnership with Wieland, executed to Forbes & Co., his promissory note for $300, due one year after date, and that to secure said note, he also executed to said Forbes & Co. a chattel mortgage on the property afterward taken on the replevin writ in favor of Marshall, and that Gaylord, on the formation of said copartnership, put said property into said firm; that Forbes & Co. subsequently assigned said note and mortgage to Marshall; and the evidence tends to show that at the commencement of the replevin suit there was due on said note at least the sum of $137. The mortgage and note were afterward assigned by Marshall to Bock, and after the judgment in the replevin suit the mortgaged property was sold under the mortgage for the sum of $220.

The evidence also tended to show that just prior to the

Wieland v. Oberne.

commencement of said attachment suit said Gaylord absconded from the city of Chicago, and that another and prior attachment writ for a small amount was, on the same day, levied upon the same goods and chattels, and was afterward settled by Wieland with money borrowed by him from Bock.

As the jury at the trial found the issues for the plaintiffs, the only material questions presented by the assignments of error are those which relate to the assessment of damages. Complaint is made of the admission in evidence in mitigation of damages of the contract between Gaylord and Wheeler & Wilson, the chattel mortgage and the sale thereunder, and the proceedings and judgments in the replevin suits. This evidence tended to show that, at the date of the attachment writ, the plaintiffs were mere bailees of the property replevied by Wheeler & Wilson, and that they held the residue of the property attached subject to the lien of the chattel mortgage, and that by said proceedings, whatever rights they had in said property were wholly extinguished.

It seems manifest that these were all matters proper to be shown in mitigation of damages. It is too plain for argument that the plaintiffs' damages resulting from their being deprived of said property by the wrongful suing out of the attachment, were less than they would have been if they had been owners of said property in their own right free from incumbrance.

The admissibility of evidence of this character in mitigation of damages, seems to be sustained by the authorities. Thus, in Dehler v. Held, 50 Ill. 491, which was a suit upon a forthcoming bond, the surety pleaded that, at the time of the levy, a portion of the property was subject to a prior valid mortgage, and that after the execution of the bond, the mortgagee took the property into his possession and sold it in part satisfaction of the mortgage, said property being insufficient to satisfy the whole; and it was held that, while the plea did not present a defense to the action, the facts alleged were proper to be considered in mitigation of damages. In the opinion the court say: " If the facts exist as stated in the plea, what would be the measure of damages? Evidently, the amount of the loss sustained by the execution creditors by the

failure of the defendants in error to deliver the property at the time and place fixed by the bond. Had the property been delivered, what would have been the rights of the judgment creditors? Only to have sold it under the executions, subject to the prior mortgage, and thus have rendered the surplus over and above the amount of mortgage debt, subject to the executions. If, as the plea alleges, the property levied upon was not worth as much as the mortgage debt, then the sale would have availed nothing, and they have sustained no loss by a failure to deliver the property to the constable."

Davenport v. Ledger, 80 Ill. 574, was an action of trespass brought by a mortgagor against a mortgagee for wrongfully taking into his possession certain mortgaged chattels. It appeared that, after he had so taken possession, they were replevied from him by a prior mortgagee. It was held to be error to refuse to instruct the jury that if, after the defendant took possession, the goods were taken from him by the sheriff under a writ issued by the circuit court, the defendant was not liable for the goods taken from him by the officer after they were so taken, and that it mattered not what disposition was made of the goods after they were so taken from the possession of the defendant; that he was only liable for what occurred while he had possession of them.

In Curtis v. Ward, 20 Conn. 204, it is said: "If goods are tortiously taken, and a creditor of the owner afterward attaches them and disposes of them according to law, and applies the proceeds in satisfaction of a judgment against the owner, such proceeding may be shown, not as a justification of the taking, but in mitigation of damages. For it would be palpably unjust for the owner to receive the full value of his goods in their application to the payment of his debts, and then afterward recover that value from another who has derived no substantial benefit from the property."

In Lowell v. Parker, 10 Met. 309, the same rule is applied to the assessment of damages in a suit upon the official bond of a constable. In Hayman v. Hallam, 79 Ky. 389, it is applied to a suit upon a forthcoming bond given for property taken under an attachment.

We are unable to see why the same rule as to damages

Wieland v. Oberne.

should not apply in the present case.   The obligors, by their bond, covenanted to pay and satisfy the damages suffered by the obligees, by reason of the wrongful suing out of the attachment.   By the attachment they were deprived of the possession and enjoyment of the property attached, and their damages were necessarily commensurate with their rights and interests in the property.

The court instructed the jury, in substance, that if the evidence showed that a portion of the property attached was owned by other parties, and was taken by the owners from the attaching creditors, and that the residue was subject to the lien of a valid chattel mortgage, and was taken from the attaching creditors by the holder of the mortgage, and sold to satisfy said mortgage, the plaintiffs could not recover damages for the value of the property.   We think the instructions stated the rule of law correctly.

We see no reason for disturbing the finding of the jury as to the damages, as being unsupported by the evidence. Near the close of the bill of exceptions, there is a recital that there was no other evidence in mitigation of damages, but such recital fails to show that all the evidence at the trial, or even all the evidence heard upon the question of damages, is preserved.   Under these circumstances, the correctness of the verdict as to the damages can not be questioned here.

During the trial the defendant was permitted, against the plaintiffs' objection, to file a plea of set-off, to the granting of which permission the plaintiffs excepted.   In said plea the defendant alleged that before and at the commencement of the suit, the plaintiffs were and still are indebted to him, the defendant, in a sum larger than the sum due the plaintiffs from the defendant upon said writing obligatory, to wit, in the sum of $547.63, for goods and merchandise, before that time sold and delivered to the plaintiffs by Bock, Muellner & Co., which said indebtedness was, before that time, sold and assigned by Bock, Muellner & Co. to the defendant, and which sum of money so due from the plaintiffs to the defendant as aforesaid, or so much thereof as should be necessary in that behalf, the defendant was ready and willing and offered to set

off and allow against the sum of money due by the condition of said writing obligatory. To this plea the plaintiffs filed neither a replication nor demurrer, and took no steps to dispose of it in any other way, but allowed the trial to proceed without objection.

It is very apparent that this plea was fatally defective, and that it would have been so held on demurrer. It is undoubtedly the rule that where a surety on a bond is sued alone, he can plead as a set-off a demand due to his principal, where he shows that the demand has been assigned to him, or where he makes the set-off with the concurrence and consent of his principal. Graff v. Kahn, 18 Bradwell, 485, and authorities there cited. But the plea in this case does not purport to set up an indebtedness from the plaintiffs to the principals on the bond. The principals are Martin Bock and Adolph Muellner, while the indebtedness set up is from the plaintiffs to Bock, Muellner & Co., they being described in the plea only by their firm name, and there being no averment that the principals in the bond are members of that firm, or that the firm consisted of no other persons than Bock and Muellner. The plea also attempts to set up said indebtedness as due and owing to the defendant instead of to his principals, to whom, notwithstanding the alleged assignment, it legally belonged. The plea is in other respects informal and uncertain, and if the plaintiffs had seen fit to challenge its sufficiency in any proper mode, it would doubtless have been adjudged insufficient. There was no error, however, in granting the defendant leave to file a plea of set-off, even in the midst of the trial, as that was clearly within the discretion of the court. And as the plaintiffs took no steps after it was filed to have its sufficiency determined by the court, we are unable to see how they can complain of its sufficiency here.

The only evidence offered in support of said plea, was a document signed by Bock, Muellner & Co. and Martin Bock, purporting to sell, assign and set over to the defendant all indebtedness due to them or either of them, jointly or severally, from the plaintiffs or either of them, there being appended to said assignment an account showing a balance due of $547.63. It is unnecessary for us, however, to deter-

mine whether the evidence was properly admitted or not, since the bill of exceptions, as we read it, fails to show that the plaintiffs made any objection or preserved any exception to its admission. Such being the fact, they can not now be heard to say that its admission was erroneous.

As we find no error in the record, the judgment will be affirmed.

Judgment affirmed.