## Clinton F. Luther, Appellee, v. George Mathis et al., Appellants.

## Gen. No. 6,511.

1. PLEADING, § 219*—*when duty lies on court to correct erroneous ruling on pleadings.* It is within the power of a court and is its duty to set aside an erroneous ruling on pleadings made either by the judge trying the case or another judge, and to correct the error.

2. PLEADING, § 225*—*right of party to time to determine whether to stand by pleading.* The party against whom a ruling is made on a pleading should be given a reasonable opportunity to determine whether to stand by the pleading or to plead over.

3. CONTINUANCE—*when refusal to postpone or continue case to give party opportunity to determine whether to stand by pleading is error.* The denial, in an action by an assignee of notes against the makers on such notes, of a motion for the postponement or continuance of the case, after the filing of replications by plaintiff to defendants' pleas of set-off and sustaining of demurrers to the pleas, in order to give defendants' counsel an opportunity to examine papers covering a long course of dealing between the parties, which papers were 40 miles away at the home of their client, and to determine whether to stand by the pleading or plead over, was error where such special pleas showed that the statute of limitations had run against the causes of action stated therein, as did also the affidavit by defendants' counsel in support of their motion, and the replications, as the result of lack of denial, confessed the allegations of special pleas that the notes were indorsed by the payee to the assignee without consideration and that the payee was still the real owner of such notes and of the rights of recovery, and that one of the defendants received no consideration for the notes and was a mere surety, and the set-offs were claims of the principal debtor against the payee.

4. PLEADING, § 355*—*when discretion abused in allowing withdrawing of pleading and allowing interposition of demurrer.* It is an abuse of discretion to permit a party to withdraw a pleading and to demur to a pleading of the opposite party after the cause of action is barred by the statute of limitations, even though such demurrer is well founded in law.

5. PLEADING, § 131*—*what allegations admitted by replications.* Allegations in special pleas, in an action by an assignee of notes on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such notes against the makers, which are not denied by the special replications are deemed admitted.

6. SET-OFF AND RECOUPMENT, § 2*—*what is nature of set-off.* A set-off is a counter demand which the defendant holds against the plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action.

7. SET-OFF AND RECOUPMENT, § 10*—*what may not be subject of set-off.* Unliquidated damages may not be the subject of a set-off.

8. SET-OFF AND RECOUPMENT, § 2*—*what is nature of recoupment.* Recoupment is in the nature of a cross-action, where defendant alleges that he has been injured by a breach by plaintiff of another part of the contract on which the action is founded.

9. SET-OFF AND RECOUPMENT, § 18*—*what may be subject of recoupment.* Unliquidated damages are the subject of recoupment, upon breach of a contract.

10. SET-OFF AND RECOUPMENT, § 4*—*how distinguished.* Set-off permits not only the defeat of plaintiff's cause of action, but a recovery against plaintiff, while recoupment can only extinguish plaintiff's cause of action.

11. SET-OFF AND RECOUPMENT, § 29*—*necessity of pleading.* A set-off must be pleaded except where a statute permits a notice in lieu of a plea, while a recoupment need not be specially pleaded.

12. SET-OFF AND RECOUPMENT, § 13*—*who may take advantage of set-off.* A set-off due a principal is also available to his surety.

13. SET-OFF AND RECOUPMENT, § 13*—*necessity of consent of principal to pleading by surety.* The consent of the principal to the pleading of a set-off is necessary.

14. SET-OFF AND RECOUPMENT, § 13*—*when consent of principal to pleading by surety is shown.* The consent of the principal to the pleading of a set-off, in an action on promissory notes against the principal and the surety, is shown by their joining in the plea.

15. SET-OFF AND RECOUPMENT, § 10*—*what is not unliquidated damages.* A straight plea of set-off for a specific sum owing by the payee of a note to the maker for labor and material is not unliquidated damages.

16. SET-OFF AND RECOUPMENT, § 31*—*when plea of set-off is defective.* A plea of set-off, in an action by the assignee of notes against the maker and surety, which professes to answer and prays judgment of the entire cause of action of plaintiff, when it should have been so framed as to answer only a part thereof, is defective in form.

17. SET-OFF AND RECOUPMENT, § 35*—*when plaintiff cannot complain of formal defect in plea.* A plaintiff cannot complain of a formal defect in a plea of set-off where he joins issue with the plea in such form.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

18. Set-off and recoupment, § 31*—*what constitutes good plea of recoupment in action by assignee on notes.* A plea of recoupment is good, in an action by the assignee of notes against the maker and his surety, which alleges that the maker bought a stock of merchandise and the good will in connection therewith from the payee and that the notes sued on were a part of the consideration therefor; that another part of the contract was that the payee would not enter into business for 10 years in the village where such merchandise was; and that he did enter into competition with the maker in such merchandise business, and that thereby the maker was injured to a specified sum exceeding the amount of such notes, even though there could be no recovery on such recoupment beyond the amount of the notes.

19. Set-off and recoupment, § 31*—*when pleas are bad.* Pleas of set-off in an action by the assignee of notes against the maker and surety are bad where they allege that the maker paid the payee more rent for a certain store than it was reasonably worth, but show no facts that would authorize him to recover back part of the rent paid.

Appeal from the Circuit Court of Henry county; the Hon. Emery C. Graves, Judge, presiding. Heard in this court at the April term, 1918. Reversed and remanded with directions. Opinion filed July 25, 1918.

Nels F. Anderson, for appellants.

Harry E. Brown and Sturtz & Ewan, for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

Under date of November 8, 1904, George Mathis and August Mathis executed and delivered three notes, payable to the order of Abe Miller, each for $200, due 2 years after date, with interest at 6 per cent. per annum payable annually. Miller assigned these notes specially to Clinton F. Luther and he brought this suit against the signers and filed a count on each note, and the common counts. An affidavit of claim was attached. Defendants filed seven pleas. The first was the general issue, and the second to the seventh were

special pleas, in form pleas of set-off. They were veri-
fied. Recitals in the bill of exceptions at the time of
the trial show that a demurrer to said special pleas
had been filed June 1, 1914, and had been overruled
January 13, 1916, but said demurrer and order are
not in the record before us (though the abstract recites
that they are), and they were not called for by the
*præcipe* for this record. It is disputed whether said
order was by the judge who afterwards tried the cause,
and in the absence of the order from the record we
cannot determine that. Plaintiff filed replications to
each of said special pleas. Amended replications were
filed to each of said special pleas and issues of fact
were joined thereon. A first jury trial was inter-
rupted by a continuance granted plaintiff. During the
second jury trial the court set aside the former order
overruling a demurrer to the special pleas, and sus-
tained the demurrer to said special pleas; denied a mo-
tion by defendants for a postponement or a continu-
ance and directed a verdict for plaintiff for $800, which
was the amount due on the notes. Thereafter a mo-
tion for a new trial was denied, plaintiff had judgment,
and defendants appealed.

The power and duty of a court to set aside an er-
roneous ruling on pleadings made either by that or
another judge, and to correct the error, is well estab-
lished in this State. *Fort Dearborn Lodge v. Klein,*
115 Ill. 177; *Dowie v. Priddle,* 216 Ill. 553, and other
cases. These cases further indicate that the party
against whom the ruling is so made should be given a
reasonable opportunity to determine whether to stand
by the pleading or to plead over. In this case the cause
had been at issue for a long while, and when the
court during the trial sustained the demurrer to the
pleas, counsel for defendants asked the court either to
temporarily postpone the trial or to continue the cause,
and showed by his affidavit that the case involved a
long course of dealing between the parties, and that

his client, George Mathis, had at his home, 40 miles from the courthouse, many papers bearing upon those dealings, and that counsel desired to examine them before determining what course to pursue. A postponement for even a day would have been within the terms of his request, and we think it should have been granted. Still, the refusal of that motion was not reversible error if defendants were not harmed thereby. We conclude they were harmed in two respects. The face of the special pleas showed that the statute of limitations had run against the causes of action stated therein, when the court virtually struck out plaintiff's replications and sustained the old demurrer to the special pleas. Also, the affidavit filed by defendants' counsel expressly stated that the statute of limitations had run. Shortly after this action in the lower court, the Supreme Court in *Pease v. Rockford City Traction Co.*, 279 Ill. 513, held that it was an abuse of discretion to permit a party to withdraw a pleading and to demur to the pleading of the opposite party after the expiration of the limitation, even though said demurrer was well founded in law. Under that rule it was error to take this action after the causes of action set up in defendants' special pleas were barred by the statute of limitations. But defendants were thereby injured further by being deprived of the admissions of the special replications. The declaration did not aver that plaintiff was a purchaser of the notes before maturity. Each special plea alleged, in substance, that these notes were indorsed by Miller to Luther without consideration and that Miller is still the real owner of the notes and of the rights of recovery on the notes, and that defendant, August Mathis, received no consideration for the notes and was a mere surety, and the set-offs were claims of the principal debtor, George Mathis, against Miller. The special replications to these special pleas did not deny any of the allegations we have above stated. They were therefore confessed

by the replications. In *Simmons v. Jenkins*, 76 Ill. 479, it is stated as a fundamental rule of common-law pleading that a fact asserted on one side and not denied on the other is admitted. Heard's Civil Pleading, 162. These admissions by silence in the pleadings would not be binding if suits were afterwards brought upon the causes of action stated in the special pleas.

A set-off is a counter demand which defendant holds against plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action, and unliquidated damages may not be the subject of a set-off. Recoupment is in the nature of a cross-action, where defendant alleges that he has been injured by a breach by plaintiff of another part of the contract on which the action is founded, and unliquidated damages may be so recouped. Set-off permits not only the defeat of plaintiff's cause of action, but a recovery against plaintiff for a further sum. Recoupment can only extinguish the plaintiff's cause of action. 34 Cyc. 623-625. A set-off must be pleaded (except where a statute permits a notice in lieu of a plea), while a recoupment need not be specially pleaded. 34 Cyc. 643. The implication, however, is that it may be specially pleaded. A set-off due a principal is also available to his surety. *Himrod v. Baugh*, 85 Ill. 435; *Gilliam v. Coon*, 10 Ill. App. 43; *Hayes v. Cooper*, 14 Ill. App. 490; *Graff v. Kahn*, 18 Ill. App. 485; *Wieland v. Oberne*, 20 Ill. App. 118; *Ronehel v. Lofquist*, 46 Ill. App. 442; *Marcy v. Whallon*, 115 Ill. App. 435. The consent of the principal to such pleading by the surety is necessary and is shown here by their joining in the pleas.

The second plea is a straight plea of set-off for $178.50, owing by Miller to George Mathis for labor and material. This is not unliquidated damages, under *East v. Crow*, 70 Ill. 91, which has been followed by at least three of the Appellate Courts of this State in *D. Heenan Mercantile Co. v. Welter*, 144 Ill. App. 279; *Tartt v. Ramey*, 158 Ill. App. 468; *Ideal Coated*

*Paper Co. v. Samuel Cupples Envelope Co.*, 169 Ill. App. 484, and in other cases. Said second plea is defective in its beginning and conclusion, in that it professes to answer and prays judgment of the entire cause of action of plaintiff, whereas it should have been so framed as to answer only a part thereof. Having joined issue on this plea in that form, plaintiff ought not now to be permitted to take advantage of that merely formal defect. The fourth plea is for a mere money demand of $75, and subject only to said formal defects. The fifth plea was a good plea of recoupment, sufficient to defeat the plaintiff's entire demand, if proven. It is alleged that George Mathis bought a stock of merchandise and the good will in connection therewith from Miller, and that the notes sued on are a part of the consideration therefor; that another part of said contract was that Miller would not enter into business for 10 years in the village where said merchandise was, and that within that time he did enter into competition with George Mathis in said merchandise business, and thereby George Mathis was injured to the extent of $2,000. True, defendant August Mathis could have no further benefit of this violation by Miller of the contract than to defeat the notes, and George Mathis also could not recover beyond the face of the notes, because Luther would not be liable to defendant or defendants for more than sufficient to defeat the notes. Yet, to the extent of defeating the notes, the plea was good. We are of opinion that the third and sixth pleas do not state a defense. They allege that George Mathis paid Miller more rent for a certain store than it was reasonably worth, but show no fact that would authorize him to recover back part of the rent paid. The seventh plea seeks to set off work and labor in the sum of $500, and is therefore good to defeat, partially, plaintiff's cause of action, except for the same imperfect form of the beginning and conclusion of the plea.

The judgment is therefore reversed and the cause remanded with directions to vacate said order and to restore the special pleas and the replications thereto, except as to the third and sixth pleas, and with leave to defendants to amend said third and sixth pleas if they desire.

*Reversed and remanded with directions.*