Olin Mathieson Chemical Corporation, a Corporation, Plaintiff-Appellee, v. J. J. Wuellner & Sons, Inc., a Corporation, Federal Steel & Supply Company, a Corporation, Defendants-Appellants.

Gen. No. 65–54.

Fifth District.

July 1, 1966.

Rehearing denied August 4, 1966.

Green and Hoagland, of Alton, for defendants-appellants, J. J. Wuellner & Sons, Inc., Schafly, Godfrey & Fitzgerald, of Alton, and Listeman, Bandy & Hamilton, of East St. Louis, for defendants-appellants, Federal Steel & Supply Company.

Clausen, Hirsh, Miller & Gorman, of Chicago, and Burroughs, Simpson & Burroughs, of Edwardsville, for plaintiff-appellee.

GOLDENHERSH, P. J.

Defendants appeal from the order of the Circuit Court of Madison County dismissing, with costs, their amended counterclaims. Included in the order of dismissal, as required by section 50(2) of the Civil Practice Act, is a finding that the order is final and there is no just reason for delaying enforcement or appeal.

Plaintiff's complaint alleges the execution of a contract between plaintiff and the defendant, J. J. Wuellner & Sons, Inc., providing for "Removal and Replacement of approximately 48,200 square feet of roof deck over existing Brass Mill Building 38," that the defendant, J. J. Wuellner & Sons, Inc., as prime contractor, and defendant, Federal Steel & Supply Company, as its subcontractor, were guilty of acts of negligence and of wilful and wanton misconduct, as the result of which plaintiff's building was damaged by fire, its business was interrupted, and it suffered great loss and damage. It also charges breach of a contractual provision requiring defendant "to make good by paying for damage, injury and losses sustained by plaintiff arising out of said contract. . . ."

Defendants answered, and filed separate counterclaims, which as amended, allege that the contract between the parties contained the following provision:

490

"Owner will arrange fire and extended coverage insurance to cover not only its own interest, but also that of the contractor and sub-contractors on the entire project, including materials and supplies to be used in the project. However, this insurance will not extend to the tools, clothing, automobiles and other personal property owned by mechanics or any tools, equipment, scaffolding, staging, towers and forms owned or rented by the contractor or sub-contractor, the capital sum of which is not included in the cost of the work. Similarly, the insurance will not cover temporary structures. All of the excluded property shall be the responsibility of the contractor or respective sub-contractor."

The counterclaims further alleged that defendants are informed and believe that plaintiff did not comply with the agreement, but secured fire and extended coverage insurance to cover its own interests only; that if plaintiff had complied with the agreement, defendants would be "named insureds" and covered under the fire and extended coverage policies, and neither plaintiff nor an insurer could maintain an action against defendants; that if plaintiff recovers damages as sought in its complaint, defendants will have been damaged to the extent of any such recovery by virtue of plaintiff's breach of contract. Defendants' counterclaims conclude with prayers for judgment against plaintiff for any sums for which defendants may be found liable to plaintiff.

Plaintiff's motions to dismiss the counterclaims state that the counterclaims are defective in that they allege a breach of a nonexistent contract obligation, that the contract required it to procure fire and extended coverage insurance to cover property interests only, and did not require it to secure liability or indemnity insurance in defendants' behalf, that if defendants are found

to be negligent under the contract between the parties, their liability is not subject to indemnity, and the counterclaims fail to state a cause of action in that the relief prayed is predicated conditionally upon defendants' liability under the complaint, and "therefore the relief prayed for in the counterclaims is to be governed by the matters involved in the lawsuit herein and is not a separate cause of action."

Section 38 of the Civil Practice Act (c 110, § 38, Ill Rev Stats 1965) provides that a demand by a defendant against a plaintiff "whether in the nature of set-off, recoupment, cross-bill in equity, cross demand or otherwise . . . , may be pleaded as a cross demand in any action, and when so pleaded shall be called a counterclaim."

In Stow v. Yarwood, 14 Ill 424, the Supreme Court held that mutual demands arising out of the same subject matter, capable of being balanced against each other, may be adjusted in one action, and a defendant may, by recoupment, use his claim against the plaintiff, in mitigation of damages. "Recoupment is in the nature of a cross-action, where defendant alleges that he has been injured by a breach by plaintiff of another part of the contract on which the action is founded, and unliquidated damages may be so recouped." Luther v. Mathis, 211 Ill App 596, 601. The purpose of section 38 is to abolish the distinctions between the various types of cross-demands, and substitute therefor the counterclaim. Defendants' counterclaims are clearly in the nature of recoupment, and, as such, are pleaded in the manner contemplated by the Civil Practice Act.

The Civil Practice Act provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. Ch 110, § 33(3), Ill Rev Stats 1965. Section 4 of the Civil Practice Act provides that the Act shall be liberally construed to the

end that controversies may be speedily and finally determined according to the substantive rights of the parties. (C 110, § 4, Ill Rev Stats 1965.) Liberal construction of the Civil Practice Act requires that the sufficiency of a pleading purporting to state a cause of action, or a defense, be determined by whether the pleader can, under the pleading, prove a set of facts in support of his claim, or his defense, which would entitle him to relief. Simply stated, a complaint or counterclaim should not be dismissed for failure to state a cause of action unless it appears that the pleader can prove no set of facts in support of his claim which would entitle him to relief.

Plaintiff contends that the contractual provision upon which the counterclaims are based required it to arrange fire and extended coverage only for the "project," which it defines as being limited to the specific work covered by the contract, i. e., the roof being replaced, and the substructure supporting it. It argues that the complaint seeks to recover only for damages to plaintiff's building, the machinery and equipment therein contained, and the interruption of its business, and seeks no recovery for the damage to the project upon which the defendants were engaged. It distinguishes between the roof work which it refers to as the "project" and the building, machinery and equipment, which it describes as "its own property." In the complaint it alleges that defendants' negligence and wilful and wanton misconduct "caused a fire in the aforesaid sub-ceiling, which spread to the premises of the plaintiff."

■ In the decision of this appeal, we do not reach the issues of the extent of defendants' insurable interest in the project, nor what comprises the "entire project." We need not pass on defendants' contention that an action against them by an insurer would be barred by reason of their being "named insureds," for the reason that in the present posture of the case we need only determine

whether the circuit court erred in dismissing the amended counterclaims. As stated by Mr. Justice Schaefer, speaking for the Supreme Court in Mahin v. Baltis, 34 Ill2d 413, 216 NE2d 132, at page 137, "Factual and legal issues that may thereafter arise are not now presented for decision."

The amended counterclaims allege a breach of a contractual provision requiring plaintiff to "arrange fire and extended coverage insurance" to cover not only its own interest, but also that of the defendants "on the entire project."

■ ■ Assuming that plaintiff's contractual obligation required it to arrange such insurance only for the "project" as defined by plaintiff, if plaintiff failed to arrange such insurance, any loss suffered by defendants by reason thereof would be recoverable by counterclaim. The fact that plaintiff seeks no recovery for damage to the "project" does not preclude defendants from asserting their claim by counterclaim. Luther v. Mathis, supra. Defendants' prayers for relief are broad enough to encompass a verdict in the amount of defendants' loss, if any be proved, and plaintiff has not objected to the form of the prayer. Ch 110, § 34, Ill Rev Stats 1965. Testing the sufficiency of the counterclaims by the rule above stated, we cannot say that defendants cannot prove a set of facts in support of their counterclaims which would entitle them to relief, and the circuit court erred in dismissing the amended counterclaims.

For the reasons herein stated the judgment of the Circuit Court of Madison County is reversed, and the cause remanded, with directions to deny plaintiff's motions to dismiss the amended counterclaims, and for further proceedings consistent with this opinion.

Judgment reversed and cause remanded with directions.

MORAN, J., concurs.

494

EBERSPACHER, J., specially concurring.

While I agree that the trial court erred in dismissing the counterclaims, I do not consider Luther v. Mathis, 211 Ill App 596, 601, as authority for the statement made in the opinion, "The fact that plaintiff seeks no recovery for damage to the 'project' does not preclude defendants from asserting their claim by counterclaim," nor do I agree with that statement.

Examination of the complaint discloses that in each count, the prayer is for damages to plaintiff's premises or property, not plaintiff's premises or property other than "the entire project." We are not called upon to determine the extent of defendants' insurable interest in the project, nor what comprises the "entire project" because plaintiffs by their complaint seek to recover all their damages, including those on that part of their property, which the pleaded contract shows they clearly agreed to insure. Therefore, the allegations of a breach of the contract to insure are properly recoupment in this case, and properly claimed by counterclaim.

Had plaintiffs, by their complaint sought recovery only for damages to its property, other than "the entire project," we would be called upon to determine, in passing on the sufficiency of the amended counterclaims, of what the "entire project" consisted; and if we determined that "entire project" included parts of the building not being repaired, proof of failure to insure would be the proper subject matter of the counterclaims; but if it was determined that "entire project" consisted only of parts of the building being repaired, the roof deck and substructure, then, since it would appear from the pleaded contract that plaintiff had no duty to insure that property which was damaged and was not part of the "entire project," the counterclaims would not state a cause of action. Since the complaint prays for all damage to all of plaintiff's property damaged, both that in which plaintiff had a duty to insure defendant's

495

interest, and that in which there was no duty to insure defendant's interest, the counterclaims meet the requirements interest, the counterclaims meet the requirements of Luther v. Mathis, supra. Although plaintiffs contend that they seek only damages for property, other than is embraced in "the entire project," the complaint does not so state and defendants have not conceded that plaintiffs seek only damage for property other than is includible in "the entire project" nor did plaintiffs see fit to amend their complaint to specifically claim damages for only their damage to property on which they were not obligated to insure defendants' interest.