Abraham Baiocchi, d/b/a Marmero Art Creations, Plaintiff-Counterdefendant-Appellant, v. Sam Magidson, a/k/a Samuel Magidson, Defendant-Counterplaintiff-Appellee.

Gen. No. M–51,469.

First District, Fourth Division.

March 31, 1967.

Lionel I. Brazen, of Chicago, for appellant.

Teller, Levit & Silvertrust, of Chicago (Leo Feldman, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a judgment for defendant on plaintiff's amended complaint in an action for breach of contract.

█ Plaintiff, Abraham Baiocchi, filed his amended complaint for merchandise sold and delivered to the defendant, Sam Magidson, in which he prayed for judgment in the amount of $572.76. That amount represented the total sales prices for the goods plus interest for vexatious delay and costs of the suit. Defendant filed a third amended answer in which he stated that the invoice price of the goods was $546.55 and alleged a recoupment [1] in his behalf, and subsequently he filed a third amended counterclaim in which the recoupment pleaded in the answer was realleged. Plaintiff then submitted a schedule of requests for admissions of fact, in accordance with the then Supreme Court Rule 18, which embodied the sale and receipt of the merchandise in question. Defendant did not deny, object or respond to the aforesaid requests and the unanswered requests were submitted into evidence as admissions of fact at the trial.[2] Plaintiff then rested his case after which

---

[1] While defendant refers to his claim as a setoff, it is actually a recoupment since it arose out of the same transaction as did plaintiff's claim. Luther v. Mathis, 211 Ill App 596.

[2] Supreme Court Rule 18 (Ill Rev Stats 1965, c 110, § 101.18) provides in relevant part that:

Each of the matters of which an admission is requested is admitted unless, within 10 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (a) a sworn statement deny-

388

the defendant moved for a finding in his favor, which was denied.[3] The court then heard evidence on the defendant's counterclaim and, at the conclusion of all of the evidence, entered the following order on March 18, 1966, which was approved by the respective attorneys for each party to the action:

> Finding issues for the defendant Sam Magidson on the amended complaint; and Judgment for defendant, Sam Magidson, thereon;

> Finding issues for the counterdefendant Abraham Baiocchi on the 3rd amended counterclaim and judgment for the counterdefendant thereon.

> Amended Complaint and Third Amended Counterclaim dismissed and judgment thereon

Plaintiff now appeals from that judgment. Defendant filed no post-trial motion and no cross-appeal is taken by him.

■ There is no question but that plaintiff established a prima facie case on his third amended complaint which was not rebutted by the defendant. This fact is even admitted by the defendant in his brief. Therefore the trial court should have entered judgment in plaintiff's favor on the amended complaint.

■ Defendant contends, however, that he proved the allegations set forth in his third amended answer and third amended counterclaim; that he is entitled to

---

ing specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (b) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, together with a notice of hearing the objections at the earliest practicable time.

[3] Defendant adduced no evidence to rebut the plaintiff's evidence.

damages thereunder in the same amount as is due plaintiff; and therefore nothing is due the plaintiff. Defendant acknowledges that he did not perfect an appeal from the dismissal of his counterclaim and therefore that judgment is not before this court. Defendant argues, however, that the same recoupment, which he pleaded in his third amended answer, is properly before this court.

Section 38(1) of the Illinois Civil Practice Act (Ill Rev Stats 1965, c 110, § 38(1)) abolishes the defense of recoupment and requires a recoupment to be considered a counterclaim. That section specifically provides that:

> [A]ny demand by one or more defendants against one or more plaintiffs . . . whether in the nature of setoff, recoupment, cross-bill in equity, cross demand or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross demand in any action, and when so pleaded shall be called a counterclaim.

In Olin Mathieson Chemical Corp. v. J. J. Wuellner & Sons, Inc., 72 Ill App2d 488, 492, 218 NE2d 823 the court stated:

> In Stow v. Yarwood, 14 Ill 424, the Supreme Court held that mutual demands arising out of the same subject matter, capable of being balanced against each other, may be adjusted in one action, and a defendant may, by recoupment, use his claim against the plaintiff, in mitigation of damages. "Recoupment is in the nature of a cross-action, where defendant alleges that he has been injured by a breach by plaintiff of another part of the contract on which the action is founded, and unliqui-

dated damages may be so recouped." Luther v. Mathis, 211 Ill App 596, 601. The purpose of section 38 is to abolish the distinctions between the various types of cross-demands, and substitute therefor the counterclaim. Defendants' counterclaims are clearly in the nature of recoupment, and, as such, are pleaded in the manner contemplated by the Civil Practice Act.

We find that the recoupment pleaded by defendant in his third amended answer is a counterclaim and an adverse finding thereon is before this court only if an appeal is properly perfected. Since no appeal was taken the merits of the recoupment cannot be considered.

Therefore, the judgment for defendant on plaintiff's amended complaint is reversed and the cause remanded with directions that the court enter a judgment in plaintiff's favor thereon.

Reversed and remanded with directions.

ENGLISH, P. J. and McCORMICK, J., concur.