Chicago & Eastern Illinois Railroad Company, a Corporation, Plaintiff-Appellant, v. C. B. Taylor and Edna Taylor, Defendants-Appellees.

Gen. No. 68–51.

Fifth District.

January 20, 1969.

Fowler & Novick, of Marion, for appellant.

Benedict W. Eovaldi, of Benton, for appellees.

1

GOLDENHERSH, P. J.

Plaintiff appeals from the judgment of the Circuit Court of Franklin County dismissing its cause of action and for costs, entered upon allowance of defendants' "Motion Attacking the Complaint and Amendment to the Complaint."

In its complaint, as amended, plaintiff alleges that on August 28, 1961, defendants, upon payment to them of $5,000 gave one I. A. Moore, Trustee, an option to purchase certain described premises; Moore was the agent of, and trustee for, plaintiff; Moore assigned the option to plaintiff; plaintiff gave defendants timely written notice of its intent to exercise the option; defendants, at plaintiff's request furnished plaintiff an Abstract of Title which was extended to show the condition of the title on November 16, 1961; on March 30, 1961, the Department of Public Works and Buildings of the State of Illinois issued, and on May 1, 1961, filed for record in the office of the Recorder of Deeds of Franklin County, an "Order Establishing a Freeway" (see c 121, § 8–101 et seq., Ill Rev Stats) ; on September 8, 1961, the Department of Public Works and Buildings filed an eminent domain proceeding to acquire, and pursuant thereto, did acquire a right of way on and across said premises; examination of the abstract furnished by defendants, and extended as aforesaid, disclosed that title to the property was subject to the above described order and eminent domain proceeding; on December 20, 1961, plaintiff's general counsel addressed a letter to counsel for defendants wherein it is stated that the extension of the abstract showed the above described order and eminent domain proceeding, these constitute liens and incumbrances, and before "we (presumably the general counsel) can approve the title and conclude the transaction it will be necessary that such liens and incumbrances be cleared by the Taylors," an appearance had been made for I. A. Moore in the eminent domain

2

proceeding, and negotiations had been instituted with the Department of Public Works and Buildings seeking permission for a crossing over the freeway, that "if a satisfactory agreement is reached with the State shortly, we will be in a position to and will waive our requirements that the Taylors should clear their title"; that title was vested in the Department of Public Works and Buildings on April 2, 1963; on April 7, 1966, plaintiff addressed a letter to defendants reviewing the transaction and demanding refund of the option money; defendants' refusal to repay and praying judgment in the amount of $5,000.

The option, attached as an exhibit to, and by reference incorporated in, the complaint, contains the following provision:

"In the event the said Grantee shall elect to exercise this option to purchase said real estate, said Grantee shall notify the Grantors in writing of the Grantee's intention to purchase by depositing same in the United States Mail with prepaid postage, addressed to the Grantors or delivery of such written notice to the Grantors or any one of them at any time within the life of this option shall be sufficient notice under this option. The Grantors agree to furnish the Grantee an abstract of title for examination on demand, showing good marketable title in and to said real estate vested in fee simple in said Grantors, free and clear of all liens and encumbrances of whatsoever kind and nature, and to make any corrections in such title required by the Attorneys for the Grantee. Upon approval of said title by Grantee, after giving of notice of election to purchase, the Grantors agree to convey said real estate to the Grantee by good and sufficient Warranty Deed (Statutory Form) free from all liens and encumbrances of every kind, and at that time the

3

> Grantee agrees to pay the Grantors as consideration for said real estate the sum of Fifteen Thousand Dollars ($15,000.00), said amount including consideration in full liquidation of damages to buildings and property adjacent to land hereby conveyed and growing out of the occupancy and use thereof by the Grantee."

The letters referred to in the complaint, and the "Order Establishing a Freeway" are also incorporated in the complaint, as amended.

Plaintiff contends that the complaint, as amended, states a cause of action, the trial court erred, and the judgment should be reversed and the cause remanded for further proceedings.

Relying upon Stevenson v. Loehr, 57 Ill 509, and City of Chicago v. Robertson, 48 Ill App2d 241, 198 NE2d 192, defendant argues that pendency of a condemnation proceeding does not render a title unmerchantable. These cases are clearly distinguishable from the case here alleged.

In Stevenson the parties had entered into a contract for deed, the defendant was in possession, and the eminent domain proceeding was instituted between the time when the contract was executed, and the time for payment of a portion of the purchase money. In City of Chicago v. Robertson, the condemnation also intervened between the execution of the contract and completion of the payments.

In its motion defendant raises several grounds which do not appear on the face of plaintiff's complaint, as amended. Plaintiff argues that the motion is not supported by affidavit as required by section 48 of the Civil Practice Act, and Supreme Court Rule 191, and we agree. Defendants allege plaintiff's failure to pay an additional sum of money, knowledge on the part of plaintiff of the order of March 30, 1961, and plaintiff's failure to

4

"proceed with diligence" in the time provided in the option. We do not reach the question of whether, under the terms of the option, these matters are material, but point out that they purport to interpose factual defenses, unsupported by affidavit as required by the Civil Practice Act and the Supreme Court Rules.

Counsel have not cited, nor has this court found, an opinion of an Illinois court of review decisive of whether the pendency of a condemnation proceeding is, prior to vesting of title in the condemnor, an encumbrance within the contemplation of the option agreement. A number of cases from other jurisdictions are collected and discussed at 21 ALR2d 792. In the present posture of this case we do not reach this question.

■ ■ Citing Dinn Oil Co. v. Hanover Ins. Co., 87 Ill App2d 206, 230 NE2d 702, and Olin Mathieson Chemical Corp. v. J. J. Wuellner & Sons, Inc., 72 Ill App2d 488, 218 NE2d 823, plaintiff argues that a cause of action should not be dismissed on the pleadings, unless it appears that no set of facts can be proved that will entitle the pleader to relief. The sufficiency of the complaint, as amended, must be determined within the scope of the allegations which it contains, and the documents incorporated therein by reference. In view of the terms of the option agreement, we cannot say that plaintiff cannot prove a set of facts which will entitle it to relief.

For the reasons herein set forth, the judgment is reversed and the cause is remanded to the Circuit Court of Franklin County with directions to vacate the order of dismissal, and for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

MORAN and EBERSPACHER, JJ., concur.