**In re RANDA COAL COMPANY, Debtor.**

**RANDA COAL COMPANY, Plaintiff,**

**v.**

**VIRGINIA IRON COAL & COKE COMPANY, and Internal Revenue Service, Appellees.**

Civ. A. No. 90–0081–B.
Adv. No. 7–88–0189.
Bankruptcy No. 7–83–01322.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

June 11, 1991.

Jo S. Widener, Bristol, Va., for debtor, plaintiff.

Michael Cleary, Roanoke, Va., for appellee VICC.

Jerry W. Kilgore, Asst. U.S. Atty., Abingdon, Va., Beverly Moses, U.S. Dept. of Justice, Washington, D.C., for appellee I.R.S.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

Plaintiff, Randa Coal Company ("Randa"), appeals to this court from the United States Bankruptcy Court for the Western District of Virginia. This court has appellate jurisdiction over this action pursuant to 28 U.S.C.A. § 158.

## PROCEDURAL AND FACTUAL BACKGROUND

On November 25, 1983, Randa filed a petition for Chapter 11 relief in bankruptcy court. At the time of the filing, Randa was a contract miner mining coal for Virginia Iron Coal & Coke Company ("VICC"). Two months into the mining operation before the bankruptcy filing, Randa hit a rock roll. Although Randa considered the mining operation to be impractical and uneconomical after the discovery of the roll, it continued to mine sinking itself deeper into debt. When Randa informed VICC that it would not continue to mine because of the above, VICC demanded that Randa continue and allegedly promised to bear the expense of cutting through the roll. It took Randa nearly two years to mine through the roll and during that time VICC assumed control over the day-to-day operations of Randa including bookkeeping. Randa was able to terminate VICC's control over its operation when it rejected the written contract between VICC and itself pursuant to a court order entered January 31, 1984.

On June 27, 1984, Randa, along with its two principal stockholders, McCall and Meade, filed a complaint as Civil Action No. 84–0223–A against VICC in this court.

On July 24, 1985, the United States Bankruptcy Court for the Western District of Virginia entered an Order confirming Randa's Chapter 11 plan. In Article 2 of the plan, Randa states that it has a pending suit in this court against VICC and any proceeds from such litigation would be used to satisfy the various claims in the Chapter 11 bankruptcy case.

On August 27, 1986, this court dismissed Civil Action No. 84–0223–A for failure to prosecute. On October 14, 1986, upon plaintiff's motion and over the objection of VICC, this court reinstated Civil Action No. 84–0223–A. Subsequently, an amended complaint was filed, but because of failure to prosecute, the case was again dismissed on March 17, 1988.

On September 1, 1988, Randa, pursuant to Rule 7001, filed Adversary Proceeding No. 7–88–0189 against VICC alleging breach of contract, subordination of claims, avoidance of preferences, fraudulent transfers, and post-petition transfers. Thereafter, VICC sought to withdraw the reference of this adversary proceeding to this court. Seven days later, this court overruled Randa's motion to reinstate Civil Action No. 84–0223–A and transfer it to bankruptcy court. On October 19, 1988, this court overruled VICC's motion to withdraw the reference in the adversary proceeding and made no ruling on VICC's motion to dismiss.

On July 12, 1989, the bankruptcy court sustained VICC's previous motion to dismiss this adversary proceeding with leave for Randa to file an amended complaint, as well as a new complaint against the Internal Revenue Service ("IRS"), a co-defendant with VICC in the original complaint.

On August 1, 1989, Randa filed an amended complaint in Adversary Proceeding No. 7–88–0189 alleging twelve claims for relief, all which were summarized by the bankruptcy court as follows:

### Claim 1.

Preferential transfers of Randa's property to VICC during the one year period prior to the filing of the chapter 11 petition.

### Claims 2, 3, 4, and 5.

Fraudulent transfers of Randa's property to VICC during the one year period prior to the filing of the petition.

### Claim 6.

VICC's breach of oral contract to Randa as to expenses of mining through a rock roll, or in the alternative to provide financing for mining through the rock roll.

### Claim 7.

VICC's breach of warranty to Randa as to the fitness of equipment that VICC sold to Randa.

### Claim 8.

Objections to VICC's unsecured claim filed in the amount of $823,685.75. The claim does not reflect credit for payments made during the preference period. VICC should be estopped from asserting the claim because it is inconsistent with its previous conduct as an insider of Randa.

### Claim 9.

VICC should be equitably subordinated due to conduct that injured other creditors of Randa and because VICC took advantage of the other creditors while its was an insider with control over Randa.

### Claim 10.

VICC's breach of oral contract regarding the payment of Randa's payroll taxes to IRS.

### Claim 11.

VICC to turn over to Randa certain equipment belonging to and paid for by Randa which VICC, after it obtained relief from the stay to repossess the leased property and the equipment its sold to

Randa, took possession of, for which no payments have been made nor credits given.

### Claim 12.

Determine that VICC is responsible for Randa's unpaid federal payroll tax liability owed to the IRS because VICC controlled Randa.

Soon after the filing of the above amended complaint, VICC filed a motion to dismiss. Another motion to dismiss was filed by VICC on August 23, 1989 which was heard by the bankruptcy court on October 16, 1989. The bankruptcy court, on June 11, 1990, sustained VICC's motion to dismiss Randa's Adversary Proceeding No. 7–88–0189 with prejudice as *res judicata.* It held that Randa was precluded from bringing the present proceeding because it would constitute the relitigation of Civil Action 84–0223–A which was dismissed twice for failure to prosecute. However, the bankruptcy court allowed Randa to file a further adversary proceeding, pursuant to Rule 7001, against the IRS to determine the validity, priority and extent of any claims or liens of the IRS.

### STANDARD OF REVIEW

As a preliminary matter, the court sets forth the standard of review of the district court in its appellate capacity. A district court, when reviewing a bankruptcy court's decision, "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Bankruptcy Rule 8013, 11 U.S.C.A. (1984 and Supp.1991). A district court may not set aside a bankruptcy court's findings of fact unless clearly erroneous. *Id.* However, a district court may review findings of law de novo. *See generally Matter of Clark Pipe and Supply Co.,* 893 F.2d 693, *reh. denied* 899 F.2d 11 (5th Cir.1990); *Matter of Bonnett,* 895 F.2d 1155 (7th Cir.1990); *In re Villa Madrid,* 110 B.R. 919 (9th Cir.BAP 1990).

### THE PRECLUSION DOCTRINES

Federal courts have utilized the doctrines of *res judicata* and collateral estoppel to promote judicial economy and the certainty of legal relationships. Under *res judicata,* parties and their privies are precluded from relitigating the same cause of action. *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). Also, they are precluded from relitigating issues which could have been presented for determination in a prior action. *Id.; Watkins v. M & M Tank Lines, Inc.,* 694 F.2d 309, 311 (4th Cir.1982). Comparably, collateral estoppel precludes the relitigation of previously decided issues by the same parties and their privies in a different cause of action. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).[1]

### RES JUDICATA

In order for *res judicata* to apply to a subsequent litigation, the following elements must exist:

> [a] prior judgment was returned by a court of competent jurisdiction, [ ] the prior judgment was a final judgment on the merits, [ ] the same parties and their privies are involved in both suits, [ ] the two actions are based on the same issues and material facts, and [ ] the two proceedings presented the same cause of action.

*United States v. Mumford,* 630 F.2d 1023, 1027 (4th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 238 (1981), citing *Sunnen, supra.*

Applying the above elements of *res judicata* in order, the court first finds that it had jurisdiction over the prior contracts claim, Civil Action No. 84–0223–A ("the previous complaint") by reason of diversity of citizenship. The plaintiffs are residents of the State of Virginia. The defendant is a resident and corporation organized in the

---

**1.** Res judicata is sometimes used generally to refer to both claim and issue preclusion. *Su-* *pra,* 449 U.S. at 94 n. 5, 101 S.Ct. at 415 n. 5.

State of Delaware. The amount in controversy exceeded the sum of $10,000. *See* 28 U.S.C.A. § 1332 (West 1966).[2]

■ Second, as found by the bankruptcy court, the dismissal of the previous complaint for lack of prosecution is a final judgment on the merits. Fed.R.Civ.P. Rule 41(b) provides that an order for dismissal, "other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." *See also Kimmel v. Texas Commerce Bank*, 817 F.2d 39 (7th Cir.1987); *Nagle v. Lee*, 807 F.2d 435, 442–43 (5th Cir.1987); *Green v. Illinois Dept. of Transportation*, 609 F.Supp. 1021, 1024 (D.C.Ill.1985); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure:* Jurisdiction § 4440 (1981) at 362–63.

■ Third, the court has no doubt that element three (3) of the *res judicata* doctrine is present. The plaintiffs of the previous complaint were Randa and its principal stockholders, Meade and McCall. The only defendant was VICC. In Adversary Proceeding No. 7–88–0189 ("present complaint"), the parties are identical, except that Meade and McCall are no longer plaintiffs and the IRS is added as a defendant.

■ Finally, there is no dispute over the bankruptcy court's findings that both proceedings arise out of the same material facts and involve similar, if not the same, issues. However, the court disagrees with the bankruptcy court that the two proceedings present the same cause of action. The bankruptcy court appears to have overlooked an important distinction between a cause of action and issues. A cause of action is the claim upon which a litigant asserts a right or seeks redress for an injury. A particular cause of action may involve several issues which give rise to a

totally different cause of action. In such cases, collateral estoppel, issue preclusion, and not *res judicata*, claim preclusion, applies. *See generally, Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); *Cromwell v. County of Sac*, 94 U.S. (4 Otto) 351, 24 L.Ed. 195 (1876).

Randa contends that the previous complaint was an action for contract damages, whereas the present complaint constitutes core proceedings in bankruptcy. Justice Brennan in *Northern Pipeline* distinguished between a state created private right to recover contract damages and the restructuring of the debtor-creditor relationship, which is the core of federal bankruptcy law. *See Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982).[3] For example, it is a public right, not a private right, to discharge a debt under a private contract in bankruptcy. *See* 28 U.S.C.A. § 157(b)(2)(I) (West Supp. 1991).

■ Furthermore, § 157(b)(3) of the Bankruptcy Code states that "a determination that a proceeding is not a core proceeding shall not be solely on the basis that its resolution may be affected by state law." 28 U.S.C.A. § 157(b)(3) (West Supp.1991). Thus, the mere fact that claims raise issues of state law does not preclude a holding that the adversary proceeding is core. The dispositive factor is whether or not the nature of the adversary proceeding, rather than state or federal basis for the claim, falls within the scope of federal bankruptcy power. *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1389 (2d Cir.1990). Consequently, to hold that a state contracts claim is the same as a proceeding in bankruptcy, merely because they arise from the same facts,[4] is logically inconsistent.

---

**2.** The prior contracts action was originally filed in 1984 before the jurisdictional amount was raised to $50,000. *See* 28 U.S.C.A. § 1332 (West Supp.1991).

**3.** *Northern Pipeline* involved the constitutional problem of bankruptcy judges, non-Article III judges, presiding over private actions, such as state contract actions, having no basis in federal

bankruptcy law. Although *Northern Pipeline* does not address the issue of *res judicata*, its analysis of "core" and "non-core" proceedings in regard to private actions created under state law is relevant to this court's inquiry whether or not state actions and core proceedings can raise the same cause of action for *res judicata* purposes.

**426**

In the previous complaint, Randa asserts four counts describing VICC's alleged breach of its oral promise to bear the expense of cutting through the roll and the conversion of Randa's property. *See* Bankruptcy Opinion, Record p. 21–22. These claims are the essence of breach of contract, warranty and conversion which are traditionally common law actions with no basis in federal law. *See Northern Pipeline*, 458 U.S. at 90, 102 S.Ct. at 2881 (Rehnquist, J., concurring). Although each of the four counts of the previous complaint factually correspond with the present complaint, the present complaint invokes federal bankruptcy jurisdiction which was not invoked in the previous complaint.

The bankruptcy court held that Count I of the previous complaint alleged breach of contract and implied fraud and breach of warranty. It also stated that Count I corresponded with Claims 6 and 7 of present proceeding. Randa concedes that Claims 6 and 7 are the same cause of action as Count I and thus, barred under *res judicata.*

■ Count II of the previous complaint alleges failure to pay the IRS taxes withheld from Randa's employees. This is merely another breach of VICC's alleged promise to bear the cost of cutting through the roll. The bankruptcy court found that Count II factually corresponds with Claims 9 and 10. The court agrees with the bankruptcy court that Claim 10 raises the same cause of action as in Count II—common law breach of contracts and thus, barred.[5] However, Claim 9 is a core bankruptcy proceeding substantively based in federal bankruptcy law. In Claim 9, Randa requests the equitable subordination of any claim VICC has against Randa due to VICC's inequitable conduct which hurt other creditors of Randa and conferred an unfair advantage on VICC. *See* 28 U.S.

C.A. § 157(b)(2)(K) (West Supp.1991). The difference between equitable subordination and a breach of an agreement to pay taxes is obvious.

Furthermore, Counts III and VI of the previous complaint are not the same as Claims 1–5, 8 and 11. Although both complaints allege the conversion of Randa's property and pre- & post-petition preferential transfers that injured other creditors, the type of relief pled in each complaint is distinct and independent of the other. In Counts III and VI, Randa sought contract damages as provided under Virginia common law. In the present proceeding, Randa is seeking to have VICC turn over equipment it never purchased and to avoid pre-petition preferences and fraudulent conveyances by VICC under Title 11. Section 157(b)(2) of the Bankruptcy Code provides a non-exhaustive list of core proceedings, including turnovers, avoidances of preferences, fraudulent transfers and equitable subordination. *See* 28 U.S.C.A. § 157(b)(2)(E), (F), (H), and (K) (West Supp. 1991), respectively. Virginia contracts law does not provide these specific types of equitable relief sought in the present proceeding. Thus, Claims 1–5, 8, and 11 of Randa's present complaint are core bankruptcy proceedings and are not barred under *res judicata.*

## COLLATERAL ESTOPPEL

■ The court also finds that Claims 1–5, 8–9, and 11 are not barred under collateral estoppel, although the claims involve issues raised in the previous complaint.

■ The Fourth Circuit has repeatedly held that collateral estoppel can only apply to issues "actually litigated and decided in an earlier proceeding and that was necessary to the decision." *Combs v. Richardson*, 838 F.2d 112, 113 (4th Cir.1988). *See also, In re Raynor*, 922 F.2d 1146 (4th

---

**4.** *But see J. Aron and Co., Inc. v. Service Transportation Co.*, 515 F.Supp. 428, 442–47 (D.C.Md. 1981). *Res Judicata* under federal law bars a subsequent "cause of action" which arises from the same facts or transaction as a previous claim.

**5.** The court finds Claim 12, which the bankruptcy court summarized but did not analyze, also raises the same cause of action as Count II.

Cir.1991). Furthermore, the determination that the issue was "actually litigated and necessary to the judgment must be made with particular care." *Supra, Combs.* Thus, if the previous complaint involved issues or facts which are not essential to the prior judgment, collateral estoppel is not applicable. In such cases, the litigant's right to a full and fair opportunity to litigate his claims overrides the interest of judicial economy. *Ritter v. Mount Saint Mary's College*, 814 F.2d 986, 994 (4th Cir.), *cert. denied*, 484 U.S. 913, 108 S.Ct. 260, 98 L.Ed.2d 217 (1987).

Although a rule 41(b), dismissal for lack of prosecution, operates as an adjudication on the merits and supports claim preclusion, it does not support issue preclusion. *See* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure:* Jurisdiction § 4440 (1981) at 365; *Kern v. Hettinger*, 303 F.2d 333 (2d Cir.1962). In *Kern*, the court states:

> we see no indication that any jurisdiction would find collateral estoppel applicable where, as here, the issues involved in the present suit were not clearly decided by the prior judgment [which was a dismissal for lack of prosecution].

*Id.* at 341. Thus, collateral estoppel is inapplicable to penalty dismissals, as in Randa's case, where the issues in question were never actually decided. *See e.g. Wood v. Several Unknown Metropolitan Police Officers*, 835 F.2d 340, 344 (D.C.Cir. 1987) (default judgment); *Engelhardt v. Bell & Howell Co.*, 327 F.2d 30, 31 n. 1 (8th Cir.1964) (second voluntary dismissal under rule 41(a)); *Rohauer v. Killiam Shows, Inc.*, 379 F.Supp. 723, 735–36 (D.C.N.Y. 1974), *rev'd on grounds*, 551 F.2d 484, 495 (2d Cir.), *cert. denied*, 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977) (dismissal for failure to appear for a deposition).

## CONCLUSION

For the reasons set forth above, the bankruptcy court's decision is affirmed in part and reversed in part. A Final Order will be entered.