**In re PYRAMID ENERGY, LTD., Debtor.**

**PYRAMID ENERGY, LTD., Plaintiff,**

v.

**HEYL & PATTERSON, INC., Defendant.**

**Bankruptcy No. BK 85–40186.
Adv. No. 93–4050.**

United States Bankruptcy Court,
S.D. Illinois.

Nov. 1, 1993.

Morris Chapman, Granite City, IL and Douglas Antonik, Mt. Vernon, IL, for plaintiff.

Edwina Warner, Benton, IL, for defendant.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

Following the compromise of a malpractice action against its former bankruptcy counsel, debtor Pyramid Energy, Ltd. ("Pyramid"), moved to dismiss its Chapter 7 bankruptcy case. By agreement of the parties, the Court granted Pyramid's motion to dismiss on the condition that Pyramid first commence an adversary proceeding to resolve the disputed claim of Heyl & Patterson, Inc. ("H & P"), which sought the balance due under a contract for sale of a coal processing plant furnished to Pyramid prior to bankruptcy.[1] Pyramid then filed a pleading captioned as an "objection," which the Court construed as an adversary complaint. The complaint opposed the allowance of H & P's claim on the basis of H & P's alleged breach of guarantee and breach of implied warranty under the contract, unconscionability of the

---

1. Pursuant to the agreement, funds were placed in escrow to pay the claim of H & P in the event the Court ruled that the claim should be allowed.

debt owing to H & P, and failure of H & P to mitigate damages. H & P has filed a motion to dismiss Pyramid's complaint, alleging that the claims raised in Pyramid's complaint are barred by the doctrine of res judicata and fail to state a cause of action for which relief may be granted.

Determination of H & P's motion requires a review of the procedural history of this case. On June 5, 1985, shortly after filing its original Chapter 11 bankruptcy petition on May 21, 1985, Pyramid brought suit against H & P to recover damages for H & P's alleged breach of guarantee and breach of warranty with respect to a contract for sale of a "classification and dewatering" plant to be used by Pyramid in its coal processing operations. In its three count complaint, Pyramid alleged that the plant wholly failed to meet the specifications guaranteed by H & P in the parties' June 1984 contract, that H & P furnished the plant to Pyramid knowing it was not fit for its intended purpose, and that no payments were due to H & P for the plant because coal production was never begun. Pyramid sought $20 million in damages (Counts I and II) and requested the Court to order the return of all payments made to H & P and direct that no further payments be made (Count III).

On March 11, 1987, the Court dismissed Pyramid's complaint with prejudice for "failure to comply with this Court's orders throughout [the] litigation and for failure to be ready· for trial." This decision was affirmed on appeal, with both the district court and the Court of Appeals finding that dismissal was proper under Federal Rule of Civil Procedure 41(b).[2] *See Matter of Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.,* 869 F.2d 1058 (7th Cir.1989).

In the meantime, H & P filed a proof of claim in the debtor's bankruptcy proceeding in the amount of $243,000, which was the balance due on the plant sold to Pyramid pursuant to the June 1984 contract. The case was converted to a proceeding under Chapter 7 in April 1989, and a malpractice action against the law firm that represented Pyramid in the dismissed adversary action against H & P was settled in early 1993. The malpractice settlement was sufficient to pay 100% of the claims filed against the estate, and Pyramid, with an interest in the proceeds remaining after payment of claims, gained standing to object to claims in this Chapter 7 proceeding. The debtor's bankruptcy case was dismissed in May 1993, after the filing of the present action to determine H & P's claim.

In its motion to dismiss Pyramid's complaint, H & P contends that the matters raised in Pyramid's "objection" to allowance of H & P's claim are barred by res judicata because they arose out of the same transaction as Pyramid's previous lawsuit—the June 1984 contract for the sale of the coal processing plant to Pyramid. In particular, H & P observes that Pyramid's present allegations of breach of guarantee and breach of implied warranty are substantially identical to its allegations in the June 1985 complaint that was conclusively determined against Pyramid. Thus, H & P asserts that Pyramid is precluded from relitigating these theories in the present proceeding to determine allowance of its claim.

Pyramid opposes H & P's motion to dismiss, contending that despite the seeming similarity between the allegations of its June 1985 complaint and its "objection" to H & P's claim based on breach of guarantee and breach of implied warranty, the two proceedings do not involve the same cause of action as required for res judicata because the procedural posture of the two proceedings is different. Pyramid points out that in its former action, it sought money damages from H & P and H & P denied that it owed money to Pyramid while, in the present proceeding, H & P is seeking money from Pyramid and Pyramid denies it owes money. Pyramid asserts that since H & P filed no counterclaim in the June 1985 action, it had no opportunity to raise defense to H & P's claim for the balance owed on the contract and that it should not be barred from presenting a defense to H & P's claim in this proceeding

---

**2.** Rule 41(b), as incorporated into adversary proceedings by Bankruptcy Rule 7041, provides for dismissal of a complaint where the plaintiff fails "to prosecute or to comply with ... [an] order of court." Fed.R.Civ.Proc. 41(b).

in which H & P, rather than Pyramid, has the burden of proof. Further, Pyramid contends that the special nature of the bankruptcy claims procedure makes the application of res judicata inappropriate in this proceeding. Rather, Pyramid asserts, this Court must exercise its equitable power to determine claims against a debtor's estate despite the outcome of previous litigation between the parties.

## I. Breach of Guarantee and Breach of Implied Warranty

■ Res judicata or "claim preclusion" operates to bar a party who has had an opportunity to litigate a cause of action before an appropriate tribunal from relitigating the same cause of action in a subsequent proceeding. *See generally Restatement (Second) of Judgments,* §§ 18, 19, 24 (1982). For *res judicata* to apply, three requirements must be met: (1) an identity of the parties in the two proceedings; (2) an identity of the causes of action; and (3) a final judgment on the merits in the earlier action. *Matter of Energy Cooperative, Inc.,* 814 F.2d 1226, 1230 (7th Cir.1987), *cert. denied* 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987).

■ The first requirement for *res judicata*—identity of the parties—is obviously met in this case. The third requirement is also satisfied, despite Pyramid's preliminary argument, based on Pennsylvania law which governs the parties' June 1984 contract, that a dismissal for failure to prosecute does not constitute a judgment on the merits. Where, as here, the prior action was brought in federal court, federal rules of res judicata apply, and Rule 41(b) is applicable to define the effect of a federal judgment. *See Matter of Energy Cooperative,* 814 F.2d at 1230; *Restatement (Second) of Judgments,* § 87. Rule 41(b) provides that "[u]nless the Court in its order of dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits." Thus, a Rule 41(b) dismissal, by its terms, constitutes

an adjudication on the merits as required for res judicata.[3]

■ The remaining requirement for res judicata is that the two proceedings involve the same cause of action. A "cause of action" for res judicata purposes is the claim upon which a litigant asserts a right or seeks redress for an injury. *See* 1B *Moore's Federal Practice,* ¶ 0.410[1], III–176 (2d ed. 1993). Under the test employed in a majority of jurisdictions including the Seventh Circuit, a single cause of action includes all rights of a plaintiff to remedies against the defendant that arise out of the same transaction or occurrence. *Id.* at III–193; *Matter of Energy Cooperative,* 814 F.2d at 1230.

■ While the allegations of Pyramid's "objection" here arise out of the same transaction as its previous complaint, Pyramid contends that it is not now asserting a right or claim against H & P and so is raising no cause of action that may be barred by res judicata. Pyramid argues—not that the present proceeding involves a different cause of action than its previous suit—but that it involves no cause of action at all, since Pyramid is not seeking affirmative relief but is merely defending against H & P's claim for money owed on the June 1984 contract.

The Court disagrees with this characterization of Pyramid's "objection." Admittedly, Pyramid is not now seeking to obtain money damages from H & P based on H & P's breach of contract as it did in the June 1985 action. However, Pyramid's "objection" does not simply deny or seek to avoid H & P's claim for the balance due on the June 1984 contract but, rather, alleges that it should be relieved from paying this amount because of H & P's breach. Pyramid thus raises a claim of recoupment, which is in the nature of a counterclaim that may be barred by res judicata. *See* 20 Am.Jur.2d *Counterclaim, Recoupment, and Setoff,* §§ 9, 10, 11 (1965) (hereinafter Am.Jur. *Counterclaim* ).

■ "Recoupment" is the right of a defendant, in the same action, to reduce or

---

**3.** By contrast, a Rule 41(b) dismissal is not sufficient for application of collateral estoppel or "issue preclusion," which bars relitigation of an issue, whether on the same or a different claim, that was actually litigated in a prior proceeding. *See In re Randa Coal Co.,* 128 B.R. 421, 427 (W.D.Va.1991).

defeat the plaintiff's demand either because the plaintiff has not complied with some obligation of the contract on which suit is brought or because the plaintiff has violated some duty which the law imposes in the making or performance of that contract. *Id.* § 1, at 228 (1965); *see 3 Moore's Federal Practice,* ¶ 13.02, at 13–13, n. 1. Recoupment allows for mutual demands arising out of the same subject matter to be adjusted in one action, with the defendant using his claim against the plaintiff in mitigation of damages. Recoupment, thus, constitutes a cross action in which the defendant alleges he has been injured by the plaintiff's breach of another part of the contract on which the action is founded. *See Am.Jur. Counterclaim,* § 11, at 236; 33 I.L.P. *Set-off and Counterclaim,* § 2 (1970); *see also Olin Mathieson Chemical Corp. v. Wuellner & Sons, Inc.,* 72 Ill. App.2d 488, 218 N.E.2d 823 (1966).

While, technically, no affirmative relief may be had on recoupment, it constitutes an affirmative cause of action that is distinct from a defense that merely attempts to defeat the plaintiff's cause of action by denial or avoidance.[4] *See* Annotation, 83 A.L.R. 642, at 642 (1933); *see also United States v. Summ,* 282 F.Supp. 628, 630–31 (D.N.J.1968). At common law, recoupment was sometimes viewed as a defense; however, under federal rules of pleading, a recoupment plea is a counterclaim subject to Federal Rule of Civil Procedure 13.[5] *See Am.Jur. Counterclaim,* § 9, 10; *3 Moore's Federal Practice,* ¶ 13.02. Thus, despite its defensive nature, a claim for recoupment is a cause of action properly asserted as a counterclaim. For this reason, res judicata applies to a recoupment claim, and where a demand has been litigated and determined in a prior action, it may not again be interposed as a counterclaim in a subsequent action between the same parties. *Am.Jur. Counterclaim,* § 436.

In the present case, Pyramid's "objection" to H & P's claim alleges that Pyramid should be relieved from its obligation to pay under the parties' contract because H & P breached the guarantee and implied warranty provisions of the contract. Pyramid seeks a determination that H & P's breach of the contract on which its claim is founded excuses Pyramid's performance of another part of the same contract. Pyramid thus asserts an affirmative claim for relief in the nature of recoupment which, procedurally, may be viewed as a counterclaim to the "complaint" brought by H & P in filing its claim in this bankruptcy proceeding. *See 3 Collier on Bankruptcy,* § 502[3] (1993) (filing of claim in bankruptcy proceeding is tantamount to filing of complaint in civil action, and request for affirmative relief raised in objection to claim is properly characterized as counterclaim).

A comparison of the allegations of this counterclaim with those of Pyramid's June 1985 complaint demonstrates that Pyramid is presently seeking the same relief as in its previous lawsuit. Count III of the June 1985 complaint incorporated the allegations of breach of guaranty and breach of implied warranty that formed the basis of Counts I and II for damages and alleged that since coal production was never begun because of the plant's failure to perform, Pyramid was not obligated to pay for the plant. As part of the relief sought on Count III, Pyramid requested that the Court direct that "no further payments be made on the plant" unless the plant were made to perform according to specifications.

The principles of res judicata require that Pyramid be barred from relitigating, as a recoupment counterclaim, its cause of action based on breach of guarantee and breach of warranty that was already placed at issue and determined in the previous lawsuit. H &

---

4. Defenses that may be asserted to avoid a plaintiff's contract action, for example, include accord and satisfaction, failure of consideration, fraud, illegality, payment, statute of frauds, and statute of limitations. *See* Fed.R.Civ.Proc. 8(c).

5. Rule 13(a) provides that "[a] pleading shall state as a counterclaim any claim which ... the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." Fed.R.Civ.Proc. 13(a). Under this rule a counterclaim is any claim, including set-off and recoupment, which one party has against an opposing party. *3 Moore's Federal Practice,* ¶ 13.02, at 13–13.

P, having once been put to the task of preparing to defend against Pyramid's contention that its obligation under the contract was canceled because of H & P's own breach of the contract, should not now be called upon to contest the identical cause of action as an "objection" to H & P's claim for payment in this bankruptcy proceeding. Pyramid clearly had an opportunity to litigate its claim against H & P in the prior lawsuit, and, having squandered its opportunity by failing to prosecute that suit, is not now entitled to another round. *See Agfa–Gavaert, A.G. v. A.B. Dick Co.*, 770 F.Supp. 441, 444 (N.D.Ill. 1991), *aff'd by* 879 F.2d 1518 (7th Cir.1989).

The Court finds without merit Pyramid's contention that it was unable to defend against H & P's claim for payment in the previous action because H & P did not file a counterclaim in that action.[6] Pyramid raised the same allegations based on H & P's alleged breach of guarantee and breach of warranty in the earlier adversary proceeding as he now raises in "defending" against H & P's claim. Clearly, if Pyramid had been successful in obtaining the relief sought by Count III of its previous complaint, H & P would now be precluded from pressing its claim against the debtor's estate under principles of res judicata. Conversely, Pyramid's failure to prevail on this cause of action in the previous suit bars Pyramid from raising it in opposition to H & P's demand for payment in this claims proceeding.

Pyramid further contends that res judicata is inapplicable because the burden of proof in the two proceedings is different. Pyramid alleges that unlike in the previous action where it had the burden of proof as plaintiff, H & P now has the burden of proof as claimant in this bankruptcy proceeding.

The Court finds no merit in this contention. A creditor filing a proof of claim against a debtor's estate bears the ultimate burden of proving its claim, and if an objection is filed overcoming the prima facie effect given to the claim, the creditor must present evidence sufficient to rebut the objection. 3 *Collier on Bankruptcy*, ¶ 502.01[3], at 502–16 to 502–18. When, however, the objection is coupled with a demand for affirmative relief in the nature of a counterclaim, the procedure governing adversary proceedings is applicable, and the objector becomes a counter-plaintiff who must prove its claim against the creditor as in any civil proceeding.[7] *See id.* at 502–15; 8 *Collier on Bankruptcy*, ¶ 3007.-03[1], at 3007–3 to 3007–4. In this case, Pyramid filed a counterclaim for recoupment and took on the burden of proving the allegations of this claim just as it had as plaintiff in the previous action. The asserted distinction between the two proceedings, therefore, does not exist, and Pyramid cannot avoid the bar of res judicata on this basis.

Pyramid contends finally that application of res judicata is inappropriate in this proceeding because of the "special jurisdictional concerns" involved in the bankruptcy claims procedure. Pyramid asserts that the bankruptcy court has exclusive jurisdiction to determine claims against the estate and that this Court should inquire into the validity, amount and allowability of H & P's claim notwithstanding the results of the parties' prior litigation.

In *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), cited by Pyra-

---

**6.** H & P was not obligated to raise its claim against Pyramid in the June 1985 adversary case, as Bankruptcy Rule 7013 provides an exception to the compulsory counterclaim provision of Civil Rule 13(a) when a party with a claim against the debtor's estate is sued by the trustee or debtor-in-possession. *See* Bankr.R. 7013. This exception serves to make administration of the debtor's estate more expeditious and economical. *See 9 Collier on Bankruptcy*, ¶ 7013.02, at 7013–3.

**7.** Objections to claims under Bankruptcy Rule 3007 are handled as contested matters subject to Rule 9014, except to the extent an objection is joined with a counterclaim constituting a de-

mand for relief of a kind specified in Rule 7001, in which case it is treated as an adversary proceeding. *See 3 Collier on Bankruptcy*, ¶ 502.-01[3], at 502–15. The debtor's recoupment counterclaim here seeks a determination that H & P's breach of the parties' contract relieved Pyramid of its payment obligation. As such, it states an action for declaratory judgment relating to a contract dispute, which is an adversary proceeding under Rule 7001(9) and (1). *Cf. In re Harry C. Partridge, Jr. & Sons, Inc.*, 43 B.R. 669 (Bankr.1984) (action for declaratory judgment regarding efficacy of parties' contract constituted adversary proceeding).

mid, the Supreme Court held that a bankruptcy court, as a court of equity, may reexamine a judgment forming the basis of a claim and disallow or subordinate such claim when equitable principles so require. Thus, a bankruptcy court may set aside a fraudulent claim or, in appropriate cases, subordinate the claim of one creditor to those of others to prevent inequitable conduct, even though the claim has been reduced to judgment in an earlier state court proceeding. *See Heiser v. Woodruff,* 327 U.S. 726, 732–33, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946). In such instances, the bar of res judicata gives way to the paramount equitable power of the bankruptcy court and will not be applied to prevent the court from inquiring into the true nature of the debt. *See Brown v. Felsen,* 442 U.S. 127, 138–39, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979); *Margolis v. Nazareth Fair Grounds & Farmers Market,* 249 F.2d 221, 224 (2d Cir.1957).

■ Aside from this narrow category of cases, however, the principle of res judicata is fully applicable in bankruptcy claims proceedings and may not be disregarded by the court in passing on creditors' claims. Absent allegations of fraud or collusion in the procurement of a judgment, the bankruptcy court will afford res judicata effect to the judgment and allow a claim based on such judgment without looking behind the judgment. *See Mastercraft Record Plating, Inc.,* 39 B.R. 654, 655 (S.D.N.Y.1984); *cf. In re Laing,* 945 F.2d 354, 358 (10th Cir.1991) (bankruptcy court could not reexamine either existence or amount of claim based on judgment unless debtor could attack judgment as having been obtained by extrinsic fraud); *see also Matter of Bulic,* 997 F.2d 299, 305 (7th Cir.1993).

■ In this case, Pyramid may not avoid the bar of res judicata as to the earlier judgment, which determined the cause of action now asserted as a counterclaim, in the absence of some allegation of fraud or inequitable conduct that would invoke the special equity jurisdiction of the Court. Pyramid alleges no equitable grounds requiring reexamination of the judgment in the June 1985 action but, rather, seeks to relitigate its cause of action based on H & P's breach of the parties' contract. A breach of contract claim is founded on common law and is not unique to a bankruptcy proceeding. Thus, although Pyramid's cause of action is raised in the context of a bankruptcy claims proceeding, it invokes no special power of the bankruptcy court and may not be distinguished from Pyramid's earlier cause of action on that basis. *Cf. In re Randa Coal Co.,* 128 B.R. 421, 426 (1991) (count of complaint seeking equitable subordination of claims in bankruptcy proceeding stated different cause of action than breach of contract count in previous complaint, and res judicata was not applicable even though both counts arose out of common facts).

The Court finds that the cause of action asserted by Pyramid in its "objection" to H & P's claim constitutes the same cause of action that was determined in the June 1985 adversary action. Because Pyramid previously had the opportunity to litigate its breach of contract claim before an appropriate tribunal, res judicata operates to bar Pyramid from relitigating the same cause of action in this bankruptcy claims proceeding. Accordingly, the Court grants H & P's motion to dismiss as to the allegations of breach of guarantee and breach of implied warranty raised by Pyramid in the present proceeding.[8]

## II. Unconscionable Debt

Pyramid additionally asserts that H & P's claim for the balance owed on the parties' contract should be disallowed as an unconscionable debt. Pyramid alleges that the June 1984 contract set a purchase price of $293,000 for the coal plant; that it previously paid H & P $50,000 on that contract; and that the coal plant was sold after foreclosure for $45,000. Pyramid contends that the foreclosure sale price established the value of the coal plant and that, consequently, H & P

---

8. In view of the Court's finding as to res judicata, it is unnecessary to address H & P's further contention that Pyramid's claim based on breach of guarantee and breach of warranty is barred by the four-year statute of limitations for breach of contract claims under the Uniform Commercial Code.

should not be allowed to receive the contract balance of $243,000 when Pyramid has already paid H & P a greater amount than the foreclosure price.

Pyramid's allegation of unconscionability of debt, unlike its earlier claim of breach of guarantee and breach of warranty, constitutes a defense to H & P's claim for the balance owed on the contract. This defense could not have been raised in the previous lawsuit because H & P filed no counterclaim in the June 1985 action for payment under the contract. Thus, contrary to H & P's contention, this defense is not barred by res judicata and must be considered on the merits.

In objecting to H & P's claim, Pyramid asserts—not that the parties' contract is unenforceable as a product of overreaching or other unfairness—but, rather, that the deficiency remaining on the contract has been rendered unconscionable in light of events occurring subsequent to the making of the contract. Pyramid cites no authority for its theory that the Court, in considering a claim based on contract, can look to a subsequent sale of the subject property to determine the fairness of the contract price.

Under § 502(b), the Court's authority to disallow claims is limited to the extent of defenses the debtor could assert under applicable law. *See* 11 U.S.C. § 502(b).[9] While Pyramid asserts that the subsequent sale of the coal plant established its value, this valuation does not render the price provision of the contract unconscionable. In a commercial transaction, price alone is insufficient to render a contract unconscionable, as it is inappropriate for the court to substitute its judgment for that of a buyer and seller in a free market. *See In re Colin*, 136 B.R.

856, 858 (Bankr.D.Or.1991). The Court is unable to rewrite the parties' contract, and Pyramid's allegation of a subsequent sale price fails to rebut the prima facie effect given to H & P's filed claim. Therefore, in the absence of any showing that the contract is unenforceable against the debtor, the Court will allow H & P's claim based on this contract.

### III. Mitigation

Pyramid alleges finally that H & P failed to act reasonably to mitigate its damages under the contract. Pyramid asserts that the contract gave H & P a security interest in the coal plant but that H & P did not utilize this contract provision to reacquire possession of the coal plant in order to resell it and reduce its losses under the contract. As a result, Pyramid concludes, H & P's claim should be reduced to reflect its failure to properly mitigate damages.

Pyramid provides no authority for its contention that H & P should be penalized for failing to exercise a legal right it might have had against Pyramid. However, the record reflects that H & P did, in fact, attempt to recover the coal plant pursuant to the parties' contract but was prevented from doing so by Pyramid's bankruptcy filing. After another secured creditor obtained relief from stay and obtained possession of the coal plant, this Court ruled that the other creditor had a perfected security interest in the plant that was prior to that of H & P. Thus, H & P was effectively prevented from enforcing its security interest in the plant, and Pyramid's assertion of failure to mitigate damages is without merit.[10]

The Court finds that Pyramid's "objection," which has been construed as an adver-

---

9. Section 502(a) provides for the allowance of a properly filed claim against the estate unless a party in interest objects. Section 502(b) states that if an objection is filed,

the court, after notice and hearing, shall determine the amount of such claim ... as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor ... under any agreement or applicable law....

10. Because H & P raised—and the Court has considered—matters outside the pleadings on the issue of failure to mitigate damages, H & P's motion to dismiss was treated as a motion for summary judgment, and Pyramid was given an opportunity to submit additional materials on its allegations of failure to mitigate damages. *See* Fed.R.Civ.P. 12(b) and 56(c).

sary complaint, fails to set forth facts sufficient to state a legal claim. The Court, accordingly, grants H & P's motion to dismiss Pyramid's complaint with prejudice. In the absence of a valid objection to H & P's claim, the claim is allowed as filed in the amount of $243,000.